0845

Terry COHEN, Respondent v. ALLENDALE COCA-COLA BOTTLING CO., merged with and into Columbia Coca-Cola Bottling Co., Appellant.
(351 S. E. (2d) 897)

Court of Appeals

*Thomas B. Bryant, III*, of *Bryant, Fanning & Yarborough*, Orangeburg, *for appellant.*

*Walter H. Sanders, Jr.,* Fairfax, *for respondent.*

Heard Oct. 15, 1986.

Decided Dec. 29, 1986.

BELL, Judge:

This is an action for damages sounding in negligence and breach of warranty. Terry Cohen sued the Allendale Coca-Cola Bottling Co. for injuries he sustained when he drank a soft drink bottled by Allendale containing an insect. The jury awarded Cohen four thousand dollars actual damages and one thousand dollars punitive damages. Allendale appeals from the circuit court's refusal to grant its motions for a directed verdict, for judgment *non obstante veredicto,* and for a new trial. We affirm the judgment for actual damages, but reverse the judgment for punitive damages.

In reviewing the denial of Allendale's motions, this Court must view the evidence in the light most favorable to Cohen. *See Neil v. Byrum,* 288 S. C. 471, 343 S. E. (2d) 615 (1986); *Stanley Smith & Sons v. Limestone College,* 283 S. C. 430, 322 S. E. (2d) 474 (Ct. App. 1984). Viewed most favorably to Cohen, the evidence establishes the following facts.

At the time of the incident in question, Cohen was employed by Allendale County as a delinquent tax collector. His office was in the county courthouse. On Friday, October 14, 1983, Cohen took a break from his work at about 10:30 a.m. He went to a vending machine in the courthouse and purchased an orange soda supplied by Allendale. He then returned to his office where he opened the soda and placed in on his desk. After taking a few swallows, he discovered an insect at the bottom of the bottle. When he saw the insect, Cohen became nauseated. He went to the restroom and vomited. After recovering, Cohen then took the bottle to a Mr. Ray Wall at Allendale's place of business. Wall insisted that Cohen go to the doctor, so he went to a Dr. Tuten in Fairfax. Dr. Tuten examined him, diagnosed his condition as psychic nausea, and prescribed nausea medication. Cohen filled the prescription at a cost of four or five dollars. Dr. Tuten's bill of fifteen dollars was paid by Allendale. After visiting Dr. Tuten, Cohen called his lawyer, who advised him to retrieve the bottle from Wall. Cohen did so and took the bottle to his lawyer. He then closed his office and went home

for the afternoon. His wife testified he suffered additional nausea and diarrhea that afternoon. Cohen returned to work Monday morning, October 17, 1986. He lost no pay for leaving work on Friday. Cohen testified that as a result of this incident, he still has a fear of drinking from bottles and becomes nauseous when he thinks about the bug in the bottle.

## I.

Allendale asserts there was no evidence to support a finding of liability on its part either for negligence or breach of warranty. It bases this position on two points: (1) the evidence supports an inference the insect was not in the bottle when Cohen purchased it from the vending machine, but came into the bottle after he opened the drink in his office; and (2) there is no direct evidence of any negligent act or omission by Allendale during the bottling and inspection process.

In an action for negligence or breach of warranty, the plaintiff may prove his case by circumstantial evidence. *Chaney v. Burgess*, 246 S. C. 261, 143 S. E. (2d) 521 (1965); *Floyd v. Florence Nehi Bottling Co.*, 188 S. C. 98, 198 S. E. 161 (1938); *Southern States Cooperative, Inc. v. Doggett*, 223 Va. 650, 292 S. E. (2d) 331 (1932). Although there was no direct evidence the insect was in the bottle when it left the bottling plant, there was sufficient circumstantial evidence to support a reasonable inference to that effect. The insect was at the bottom of the bottle, not floating at the top. It was not alive. Cohen could not positively identify what type of insect it was, suggesting it might have been partially decomposed when he discovered it. The incident took place in October on a day when Cohen had observed no insects in his office. These facts, taken together, could reasonably suggest the insect was already in the sealed bottle when Cohen purchased it. In other words, there was evidence from which the jury could reasonably find Allendale liable. That other reasonable inferences might also be drawn is immaterial.

Once Cohen introduced evidence tending to show the insect was in the bottle before he opened it, he had presented evidence of negligence. Allendale, as manu-

facturer of an article intended for consumption, owed a duty to Cohen, as consumer of the article, to take care that there was no noxious foreign substance in the goods. *Donoghue v. Stevenson*, [1932] A.C 562 (snail in bottle of ginger beer); *Floyd v. Florence Nehi Bottling co., supra* (flies in bottle of orange soda). The presence of the insect was evidence from which the jury could infer lack of due care. *See Floyd v. Florence Nehi Bottling Co., supra.*

Moreover, the facts were also sufficient to send the case to the jury on breach of warranty. When a seller furnishes goods, a warranty that the goods are fit for the ordinary purposes for which such goods are used is implied in the contract if the seller is a merchant with respect to goods of that kind. Section 36-2-314, Code of Laws of South Carolina, 1976. The presence of the insect in the bottle was evidence from which the jury could find Allendale had breached its implied warranty that the soft drink was fit for ordinary consumption.

Since the evidence, viewed in the light most favorable to Cohen, was sufficient to support a verdict on either theory, the trial judge properly denied the motions for a directed verdict and judgment *non obstante veredicto.*

## II.

Allendale also asserts the judge should have granted its motion for a new trial because the damages awarded are clearly excessive and without evidentiary support.

## A.

As to actual damages, Allendale argues four thousand dollars bears no rational relation to the damages Cohen proved. His only proven out of pocket expenses were four or five dollars for the prescription medicine. He paid no doctor bills. He lost no wages. He suffered no physical impairment. At most, he endured a few hours of nausea and diarrhea. There was no medical testimony of damages at all. In Allendale's view, no reasonable jury could find Cohen's injuries were worth four thousand dollars on these facts.

A motion for a new trial based on excessiveness of the verdict is addressed to the sound discretion of the trial judge and is not subject to review absent an

abuse of discretion. *Norton v. Ewaskio,* 241 S. C. 557, 129 S. E. (2d) 517 (1963). In a personal injury case, the amount to be awarded for the injury and any resulting pain and suffering cannot be determined with mathematical precision and is necessarily a matter of judgment on the facts of each case which must be left to the jury's discretion. *See Cabler v. L. V. Hart, Inc.* 251 S. C. 576, 164 S. E. (2d) 574 (1968); *Bruno v. Pendleton Realty Co.,* 240 S. C. 46, 124 S. E. (2d) 580 (1962). Where the amount of the verdict bears a reasonable relationship to the character and extent of the injury and the damages sustained, it is not excessive. *Watson v. Wilkinson Trucking Co.,* 244 S. C. 217, 136 S. E. (2d) 286 (1964).

Although the nature and extent of Cohen's injuries ■ may indicate the award of actual damages was liberal, we cannot conclude the trial judge abused his discretion in denying the motion for a new trial. The verdict is not so large as to establish the jury acted from prejudice, partiality, bias, or caprice; nor can we say it bears no rational relation to the evidence presented.

### B.

Allendale maintains that in any event, the verdict for punitive damages must be set aside because there was no evidence on which the issue of punitive damages could be sent to the jury.

In order for a plaintiff to recover punitive damages in ■■ a negligence action, there must be evidence the defendant's conduct was wilful, wanton, or in reckless disregard of the plaintiff's rights. *Lengel v. Tom Jenkins Realty, Inc.,* 286 S. C. 515, 334 S. E. (2d) 834 (Ct. App. 1985). Simple negligence affords no basis for an award of punitive damages. *Id.* Conduct is wilful, wanton, or reckless when it is committed with a deliberate intention under such circumstances that a person of ordinary prudence would be conscious of it as an invasion of another's rights. *Rogers v. Florence Printing Co.,* 233 S. C. 567, 106 S. E. (2d) 258 (1958). It is the present consciousness of wrongdoing that justifies the assessment of punitive damages against the tort-feasor. *Id.*

In this case there is no evidence from which it could ■ reasonably be inferred Allendale deliberately intended to furnish Cohen with a soft drink containing an

insect. There is simply no proof of a present consciousness of wrongdoing on Allendale's part. Since the award of punitive damages had no evidentiary support, the trial judge should have set it aside. *See Lengel v. Tom Jenkins Realty, Inc., supra.* Accordingly, we reverse the judgment as to punitive damages.

Affirmed in part, reversed in part.

CURETON and GOOLSBY, JJ., concur.