**Patricia BRYANT, Plaintiff–Appellant,**

**v.**

**MUSKIN COMPANY; Roses
Department Stores, Inc.,
Defendants–Appellees,**

**and**

**Coleco Industries, Inc.; Lomart
Industries, Inc., Defendants.**

**No. 88–2857.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 9, 1989.

Decided April 6, 1989.

Rehearing and Rehearing In Banc Denied
May 2, 1989.

Mortimer Meyer Weinberg, III (Mortimer M. Weinberg, Jr., Weinberg, Brown and McDougall, on brief), for plaintiff-appellant.

Richard Bruce Watson (Nelson, Mullins, Riley & Scarborough, Columbia, S.C., on brief), for defendants-appellees.

Before HALL and PHILLIPS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

PER CURIAM:

Patricia Bryant, the plaintiff in a products liability case, appeals from a jury verdict awarding her $35,000 in compensatory damages against defendant Muskin, Inc. ("Muskin") and no damages against defendant Roses Stores, Inc. ("Roses"). The plaintiff complains of, *inter alia*, the court's refusal to submit the issue of punitive damages to the jury and the inadequacy of the verdict. For the reasons set forth below, we affirm.

## I.

The plaintiff was injured on July 13, 1984, when she fell while climbing out of an above-ground backyard swimming pool using an aluminum ladder manufactured by Muskin and retailed to plaintiff by Roses. The ladder was sold disassembled to the purchaser as part of a swimming pool kit. Instructions for assembly were provided.

As a result of the fall, plaintiff sustained a comminuted compound fracture of her left knee and was required to undergo several hospitalizations and surgical procedures, including a patellectomy. As of the time of the trial, the plaintiff had incurred a total of $24,053.00 in medical expenses as a result of her fall.

The plaintiff filed this diversity action against Muskin and Roses on the theories of negligence, strict liability, and breach of implied and express warranties. The plaintiff sought both compensatory and punitive damages. At the close of the evidence, the court directed a verdict for the defendants on the issue of punitive damages and with the acquiescence of plaintiff, granted the defendants' motion for a directed verdict on the theory of breach of express warranty. The case went to the jury on the remaining three theories of liability. The jury returned a verdict for the plaintiff against both defendants, awarding plaintiff $35,000 from Muskin, but nothing from Roses. Plaintiff appeals.

## II.

On appeal, appellant contends that the court erred in directing a verdict for the defendants on the issue of punitive damages and thus removing that issue from the jury's consideration. We disagree.

To recover punitive damages in South Carolina in a negligence action, the plaintiff must show that the defendant's conduct was willful, wanton, or in reckless disregard of the plaintiff's rights. *Cohen v. Allendale Coca–Cola Bottling Co.,* 291 S.C. 35, 351 S.E.2d 897 (App.1986). Conduct is willful, wanton, or reckless when it is committed with a deliberate intention or in such a manner or under such circumstances that a person of ordinary prudence would be conscious of it as an invasion of another's rights. *Id.* at 40, 351 S.E.2d at 900; *Rogers v. Florence Printing Co.,* 233 S.C. 567, 106 S.E.2d 258, 263 (1958). It is the present consciousness of wrongdoing that justifies the award of punitive damages against the wrongdoer. *Id.* As the appellant points out, however, it is not always necessary that a particular defendant realize that he is invading the rights of another, if a person of ordinary prudence would have come to that realization. *Pepsi–Cola Distributors of Charleston, Inc. v. Barker,* 274 F.2d 372 (4th Cir.1960). Thus, the proper test for punitive damages—that at the time of his act or omission to act the tortfeasor be conscious, or chargeable with consciousness, of his wrongdoing. *Rogers v. Florence Printing Co.,* 233 S.C. at 578, 106 S.E.2d at 264.

In this case there is no evidence to support an assessment of punitive damages and the court was correct in removing consideration of such damages from the jury. The appellant's expert witness, Woodrow Poplin, testified that in his opinion the design of the ladder was self-loosening, which caused the ladder to become unstable when used. He also testified that the defendants were negligent in placing the ladder in the stream of commerce and that the ladder was unreasonably dangerous. It cannot reasonably be inferred from this testimony that the defendants deliberately intended to furnish the appellant with a ladder that was unsafe, or that a person of ordinary prudence would have believed selling the

ladder to the appellant was an invasion of her rights. Indeed, there was evidence that, since 1980, Muskin had been presented with only one other claim for injury from instability in a ladder of this type. Muskin sold approximately 70,000 ladders per year.

Intent aside, appellant argues that the showing of a statutory violation in itself supports the award of punitive damages. She alleges that the defendants violated S.C.Code § 36–2–314, implied warranty of merchantability and S.C.Code § 15–73–10, strict liability of a seller who "sells any product in a defective condition unreasonably dangerous to the user or consumer." Appellant relies on *Tant v. Dan River, Inc.*, 289 S.C. 325, 345 S.E.2d 495 (1986), to support her argument. In *Tant*, homeowners brought suit against Dan River, Inc. for negligence in permitting its boiler system to emit a black sooty material which damaged their homes and property. On the basis of evidence that Dan River was aware of emission problems prior to receiving complaints from the homeowners and was conscious of the fact that the company had violated air pollution regulations promulgated by the South Carolina Department of Health and Environmental Control, the court found that the issue of punitive damages was properly submitted to the jury. These facts are in sharp contrast to those in this case where there was no evidence that the defendants knew or should have known that the design of this particular ladder violated any state statute.

To support her argument of a statutory violation, appellant points to Poplin's testimony that the ladder was "unreasonably dangerous" and "unfit for its intended purpose." That evidence does no more than raise a jury question on the theories of negligence, implied warranty and strict liability. If evidence of every violation of the strict liability and implied warranty statutes supported punitive damages, the issue of punitive damages would go to the jury in virtually every product liability case.

The evidence in this case, even when viewed in the light most favorable to the appellant against whom the motion was made, simply does not support an award of punitive damages. There was no evidence that the defendants acted with a deliberate intention under such circumstances that a "person of ordinary prudence would be conscious of it as an invasion of another's rights." *Cohen v. Allendale Coca–Cola Bottling, supra.* Therefore, the court did not err in directing a verdict for the defendants on the issue of punitive damages.

### III.

The appellant also contends that the trial court committed reversible error by failing to set aside as inadequate the jury's award of $35,000 and to award a new trial. The granting or denying of a new trial, either for excessiveness or inadequateness of the verdict, is discretionary with the trial court and not reviewable absent an abuse of discretion. *Wadsworth v. Clindon*, 846 F.2d 265 (4th Cir.1988), *citing Great Coastal Express, Inc. v. International Brotherhood of Teamsters*, 511 F.2d 839 (4th Cir. 1975); *also see, Klein v. Sears Roebuck and Co.*, 773 F.2d 1421 (4th Cir.1985).

In our view, the district judge's refusal to set aside the verdict and award a new trial was not an abuse of discretion. The record reveals that appellant incurred $24,053.00 in medical expenses. There was evidence of her pain and suffering and testimony from one of appellant's physicians that she has a 30% functional impairment of her leg but that she will have minimal problems in the future if she performs physical therapy at home daily. There was other evidence, however, that following a patellectomy, a patient is able to perform almost all activities adequately and in a pain-free manner. In addition, appellant underwent an arthroscopy in 1986 which relieved her of the pain and discomfort she previously suffered. The physician who performed the arthroscopy felt that appellant had only a 15–20% functional impairment to her leg.

Given this evidence, we cannot as a reviewing court, say that the district judge abused her discretion in refusing to award a new trial on the basis of an inadequate verdict. We disagree with appellant's con-

tention that the verdict is so shocking and grossly inadequate as to constitute an injustice.

## IV.

Appellant raises numerous other allegations of error, but we find them to be without merit. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.