902 F.2d 1565
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rudolph McCOLLUM; Ida McCollum, Plaintiffs-Appellants,
v.
WILLIAMS LEASING INC; Williams Cartage Company, Inc.;
Willie B. Robinson, Defendants-Appellees.
and
Robert Jordan Beard, Jr.; TLI, Inc., successor in interest
to Trailways Lines, Inc.; Trailways Arkansas,
Inc., Defendants.
 No. 89-1764.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 20, 1990.
Decided April 26, 1990.
Rehearing and Rehearing En Banc Denied May 21, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, United States Magistrate. (C/A No. 87-3397-JFM)
 Rudolph McCollum, Ida McCollum, appellants pro se.
 John Austin Buchanan, Sasscer, Clagett, Channing & Bucher, Upper Marlboro, Md., for appellees.
 D.Md.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this case we are asked to decide whether the district court's denial of a motion for a new trial was an abuse of discretion. The motion was based on the contention of Rudolph and Ida McCollum that the jury verdict granting damages of $25,000 was inadequate and against the clear weight of the evidence. We affirm.
 
 
 2
 Rudolph McCollum was injured on February 11, 1986, when the Trailways bus in which he was a passenger collided with a truck. Liability was admitted, and the case went to trial on the question of whether and to what extent McCollum was injured. The jury verdict of $25,000 was far less than the $750,000 sought in the complaint. The district court denied the motion for new trial upon a finding that the verdict was not against the clear weight of the evidence.
 
 
 3
 Our scope of review of the denial of a Fed.R.Civ.P. 59 motion on the basis of inadequacy of a jury verdict is quite circumscribed. Great deference is due the trial court, and an abuse of discretion will be found only if "the verdict is so shocking and grossly inadequate as to constitute an injustice." Bryant v. Muskin Co., 873 F.2d 714, 716-17 (4th Cir.1989). See Klein v. Sears Roebuck & Co., 773 F.2d 1421, 1428 n. 6 (4th Cir.1985).
 
 
 4
 In this case there was evidence that two myelograms were negative for claimed low back problems. An orthopaedic surgeon testified that he found no objective basis to conclude that McCollum had sustained any permanent injury. Additionally, certain inconsistencies in McCollum's testimony could have been relied upon by the jury in reaching its apparent conclusion that the injury was not as severe as claimed.
 
 
 5
 Because the district court did not abuse its discretion, we affirm the decision below. We dispense with oral argument because it would not significantly aid the decisional process.
 
 AFFIRMED