502 S.E.2d 923

**Cheryl CREACH, Respondent,**

**v.**

**SARA LEE CORPORATION, Western Steer Mom & Pop's Inc. D/B/A Western Steer Mom & Pop's Biscuits, and Winn–Dixie Stores, Inc., Appellants.**

**No. 2869.**

Court of Appeals of South Carolina.

Heard May 5, 1998.

Decided July 20, 1998.

Stephen P. Groves, Sr., H. Michael Bowers, Stephen L. Brown and Amy Rogers Jordan, all of Young, Clement, Rivers & Tisdale, Charleston, for appellants.

Graham E. Hawkins, III, and O. Grady Query, both of O. Grady Query, Charleston, for respondent.

HEARN, Judge:

Respondent Cheryl Creach brought this action against Sara Lee Corporation, Western Steer Mom & Pops, Inc., and Winn–Dixie Stores, Inc., alleging negligence, breach of warranty, and strict liability. Creach injured herself when she bit down on a hard substance in a steak biscuit made by Sara Lee Corporation, distributed by Western Steer, and sold by Winn–Dixie. Sara Lee and Western Steer moved for a directed verdict on Creach's negligence claim. The trial court granted Western Steer's motion but denied Sara Lee's. The jury returned a verdict for Creach on all three causes of action. Sara Lee appeals. We affirm.

## FACTS

On February 29, 1992, while having breakfast with her husband, Creach bit down on a hard substance in a steak biscuit manufactured by Sara Lee. Creach and her husband testified the substance appeared to be gravel or rock.

Creach immediately felt pain and thought she had broken a tooth. She continued to experience severe pain, and although she initially thought the pain was only temporary, it persisted. After a few weeks she made an appointment to see her dentist. Creach thereafter saw several specialists and had extensive dental work. Creach is employed by BellSouth Telephone Company as a customer service representative. Because of the injury, she lost time from her job and wages amounting to approximately $3000.

At trial, the jury found in favor of Creach on all three counts and awarded her $60,000 against Sara Lee and $7600 against Western Steer.

## DISCUSSION

Sara Lee argues the trial court erred in failing to reform the verdict. Sara Lee maintains Creach has received a triple

recovery because the jury found against it on all three causes of action and argues Creach should have been forced to elect her remedies. We disagree.

■ Sara Lee failed to object to either the trial court's jury instructions or the verdict form. Accordingly, any alleged error is not preserved for appellate review. *Johnson v. Hoechst Celanese Corp.*, 317 S.C. 415, 453 S.E.2d 908 (Ct.App. 1995).

■ Moreover, the trial court did not err in refusing to reform the verdicts. Here, while the complaint stated three different causes of action, only one recovery was sought and only one recovery was awarded. Under these circumstances, no election was required. *See Taylor v. Medenica*, 324 S.C. 200, 203, 479 S.E.2d 35, 44–45 (1996) (election of remedies is the act of choosing between inconsistent remedies allowed by law on the same set of facts); *Harper v. Ethridge*, 290 S.C. 112, 121, 348 S.E.2d 374, 379 (Ct.App.1986) (no election is required where a complaint states different causes of action but only one recovery is sought).

■ Additionally, the trial judge repeatedly instructed the jury that Creach was not entitled to multiple redress for a single wrong. She clearly stated that should the jury decide Creach was entitled to damages, it could award damages against Sara Lee or Western Steer on only one cause of action. Therefore, Sara Lee's argument is without merit.

■ Sara Lee also argues the trial judge erred in denying its motion for directed verdict and JNOV on the negligence cause of action. We affirm under the "two issue" rule. Pursuant to that rule, when the jury returns a general verdict involving two or more issues and its verdict is supported as to at least one issue, the appellate court will affirm unless the appellant appeals all causes of action. *Anderson v. South Carolina Dept. of Highways and Pub. Transp.*, 322 S.C. 417, 419–20, 472 S.E.2d 253, 254 (1996). Sara Lee has not appealed the breach of warranty or strict liability issues. The jury

verdict is supportable by these causes of action.  Therefore, the "two issue" rule applies.[1]

**AFFIRMED.**

ANDERSON and HUFF, JJ., concur.

---

**1.** Even if the "two issue" rule did not require affirmance, Sara Lee's appeal on the negligence cause of action must fail.  Sara Lee argues Creach failed to present any evidence of the applicable standard of care attributable to Sara Lee.  In support, Sara Lee cites cases from several jurisdictions holding the mere presence of any substance natural to the ingredients or the finished product does not allow an inference of negligence.  *See e.g., Musso v. Picadilly Cafeterias, Inc.,* 178 So.2d 421 (La.Ct.App.1965); *Goodman v. Wenco Foods, Inc.,* 333 N.C. 1, 423 S.E.2d 444 (1992).  However, Creach testified she believed the substance to be gravel or rock, and Sara Lee presented no evidence to indicate the hard substance was "natural to the ingredients or the finished product."  In South Carolina, a manufacturer owes a duty to the consumer "to take care that there [are] no noxious foreign substance in the goods."  *Cohen v. Allendale Coca–Cola Bottling Co.,* 291 S.C. 35, 39, 351 S.E.2d 897, 899 (Ct.App.1986).  The presence of the hard substance was "evidence from which the jury could infer lack of due care."  *Id.*