719 S.E.2d 703

Glenda WILDER, Respondent,

v.

BLUE RIBBON TAXICAB CORP. and Freddie Pryor, Jointly, Severally, or in the Alternative, Defendants,

of whom Blue Ribbon Taxicab Corp. is Appellant.

No. 4910.

Court of Appeals of South Carolina.

Heard Oct. 3, 2011.
Decided Nov. 9, 2011.

James Mixon Griffin, of Columbia, for Appellant.

J. Carlisle Oxner and Robert Daniel Dodson, of Columbia, for Respondent.

PER CURIAM.

Blue Ribbon Taxicab Corp. (Blue Ribbon) appeals in this default negligence action. We affirm.

## FACTS

Glenda Wilder filed this action against Blue Ribbon and Freddie W. Pryor, which alleged negligence arising from an

automobile accident.[1] Wilder provided an affidavit of service on Blue Ribbon, alleging service was made on May 12, 2006, to Barbara Dotson, Blue Ribbon's president and person authorized to accept service. In April 2007, Wilder moved for entry of default. The Honorable Alison R. Lee granted the motion.

Blue Ribbon moved to set aside the entry of default and provided Dotson's affidavit stating she did "not recall ever personally receiving a copy" of the summons and complaint. At a hearing before the Honorable James R. Barber, Wilder argued Blue Ribbon did not have a meritorious defense because it was a "clear liability case" due to the taxi rear-ending Wilder. Judge Barber asked Blue Ribbon's counsel: "You all acknowledge that it's a clear negligence?" Counsel conceded, stating "I think that's the case, Your Honor." Counsel also stated: "[W]e're fine having a non-jury [trial]. . . ." Judge Barber denied the motion to set aside the entry of default, finding Blue Ribbon's explanation insufficient and stating that "[s]imply because Ms. Dotson does 'not recall' being personally served is not 'good cause' as required by Rule 55(c), SCRCP." Furthermore, he found Blue Ribbon failed to show other reasons why it should be relieved from default: (1) Blue Ribbon lacked a meritorious defense; (2) the timing of the motion to set aside entry of default was late at nearly a year after service; and (3) Wilder would be prejudiced if the matter was further delayed while Blue Ribbon conducted discovery on issues not truly in dispute, such as liability. Blue Ribbon requested additional time for discovery, and Judge Barber allowed sixty additional days for discovery related to damages.

The Honorable G. Thomas Cooper, Jr., presided over the damages hearing. Wilder testified she was rear-ended by the Blue Ribbon taxi on August 27, 2005, injuring her neck, shoulder, and lower back. She was treated at Providence Hospital, by her family doctor, and in physical therapy. Wilder missed forty hours of work at $27.70 per hour.[2] Wilder

---

1. A taxi, owned by Blue Ribbon and driven by Pryor, rear-ended Wilder's vehicle.

2. Wilder testified she is a cardiovascular stenographer at Providence Hospital.

testified she suffered "a lot of pain due to the accident." At the time of the hearing, nearly three years after the accident, Wilder still suffered pain when standing or sitting for long periods of time. Wilder introduced total economic damages of $5,682.56, including lost wages of $1,108, property damage of $808, and medical expenses of $3,766.56.

Judge Cooper awarded damages of $20,682.56, including the $5,682.56 in economic damages and $15,000 for "pain, suffering, loss of enjoyment of life, emotional distress, and mental anguish (past, present and future)." Judge Cooper denied Blue Ribbon's post-trial motion. This appeal follows.

## STANDARD OF REVIEW

In an action at law, when a case is tried without a jury, the trial court's findings of fact will be upheld on appeal when they are reasonably supported by the evidence. *Townes Assocs., Ltd. v. City of Greenville,* 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976). The trial court's findings of fact will not be disturbed on appeal unless wholly unsupported by the evidence or unless it clearly appears the findings were influenced or controlled by an error of law. *Butler Contracting, Inc. v. Court Street, LLC,* 369 S.C. 121, 127–28, 631 S.E.2d 252, 255–56 (2006). The trial court's findings in such a case are equivalent to a jury's findings in a law action. *Id.*

## LAW/ANALYSIS

### I. Motion to Set Aside Entry of Default

Blue Ribbon first argues Judge Barber erred in failing to set aside the entry of default. We disagree.

The standard for granting relief from an entry of default is "good cause" as prescribed by the South Carolina Rules of Civil Procedure. Rule 55(c), SCRCP ("For good cause shown the court may set aside an entry of default. . . ."); *see Wham v. Shearson Lehman Bros., Inc.,* 298 S.C. 462, 465, 381 S.E.2d 499, 501 (Ct.App.1989) (explaining the standard for granting relief under Rule 55(c) is "good cause"). "This standard requires a party seeking relief from an entry of default . . . to provide an explanation for the default and give reasons why vacation of the default entry would serve the

interests of justice." *Sundown Operating Co. v. Intedge Indus., Inc.,* 383 S.C. 601, 607, 681 S.E.2d 885, 888 (2009). "Once a party has put forth a satisfactory explanation ... the trial court must also consider [the *Wham* factors]: (1) the timing of the motion for relief; (2) whether the defendant has a meritorious defense; and (3) the degree of prejudice to the plaintiff if relief is granted." *Id.* at 607–08, 681 S.E.2d at 888 (citing *Wham,* 298 S.C. at 465, 381 S.E.2d at 501–02). A trial court is not required to make specific findings of fact for each factor if there is sufficient evidence in the record to support the trial court's decision. *Sundown,* 383 S.C. at 608, 681 S.E.2d at 888. The decision whether to set aside an entry of default is within the sound discretion of the trial court. *Williams v. Vanvolkenburg,* 312 S.C. 373, 375, 440 S.E.2d 408, 409 (Ct.App.1994).

■ Blue Ribbon initially argues the trial court erred in finding it was served. We find there was evidence in the record to support the trial court's finding of service. Judge Barber considered the affidavits of the process server and Dotson. Wilder argued Dotson's affidavit did not state Blue Ribbon was not served; rather, just that she did not recall ever personally receiving a copy of the summons and complaint. Based on the affidavits, Judge Barber concluded, "In a situation like this, when it comes down to just he says/she says, I'm going with the process server." We discern no reversible error by Judge Barber in his finding that Blue Ribbon was served. *See id.* (stating a trial court's decision on whether to set aside an entry of default will not be disturbed on appeal unless it is without evidentiary support or controlled by an error of law).

■ Under the *Wham* factors, we likewise find no abuse of discretion in Judge Barber's finding that Blue Ribbon did not show good cause sufficient to relieve it from the entry of default. As to the first factor, the timing of the motion for relief, more than a year elapsed between the time Blue Ribbon was served with the summons and complaint and when it moved for relief. Regarding a meritorious defense, the second factor, Judge Barber accepted Blue Ribbon's acknowledgment that it had no meritorious defense to liability. Finally, as to the degree of prejudice to Wilder, Judge Barber recog-

nized Wilder's argument that she would be prejudiced if the matter was further delayed while Blue Ribbon conducted discovery on an issue such as liability, which was not in dispute. We find evidence to support Judge Barber's decision and affirm the denial of the motion to set aside entry of default. *See Stark Truss Co. v. Superior Constr. Corp.*, 360 S.C. 503, 512, 602 S.E.2d 99, 104 (Ct.App.2004) (affirming the trial court's refusal to set aside the entry of default where there was evidence to support the trial court's decision).

## II. Medical Expenses

Blue Ribbon next argues Judge Cooper erred by including medical expenses as an element of damages because there was no expert testimony, and the only evidence that Wilder's "medical bills were a result of injuries she sustained in the accident" was her own testimony. We find no reversible error.

At the damages hearing, Wilder testified she was injured as a result of the accident. She felt numbness, "like a rush to [her] head, kind of dizziness and throbbing pain in [her] lower back." She went to the Providence Hospital emergency room, was x-rayed, and was given pain medication. A couple of days later, she was again treated at Providence Hospital for follow-up care and was sent to physical therapy for evaluation. Wilder testified the hospital personnel at her second visit recommended she consult her family physician. Wilder followed up with her family physician, who prescribed medication and physical therapy. Wilder had three follow-up visits with her physician, and physical therapy at Providence Hospital and First Choice Rehabilitation. Wilder missed five days of work after the accident.

The admission of evidence is a matter addressed to the sound discretion of the trial court. *Gamble v. Int'l Paper Realty Corp. of S.C.*, 323 S.C. 367, 373, 474 S.E.2d 438, 441 (1996). On appeal, this court will not disturb a trial court's evidentiary rulings absent a clear abuse of discretion. *Hofer v. St. Clair*, 298 S.C. 503, 513, 381 S.E.2d 736, 742 (1989).

"An action in tort for damages is an action at law." *Judy v. Judy*, 383 S.C. 1, 6, 677 S.E.2d 213, 216 (Ct.App.2009).

"In a law case, the credibility and weight to be accorded evidence is solely for the fact finder to determine." *Hanna v. Palmetto Homes, Inc.,* 300 S.C. 535, 537, 389 S.E.2d 164, 165 (Ct.App.1990); *see Parsons v. Georgetown Steel,* 318 S.C. 63, 67, 456 S.E.2d 366, 368 (1995) (stating the credibility and weight of testimony is for the trier of fact). "Expert testimony is not required to prove proximate cause if the common knowledge or experience of a layperson is extensive enough." *O'Leary–Payne v. R.R. Hilton Head, II, Inc.,* 371 S.C. 340, 349, 638 S.E.2d 96, 101 (Ct.App.2006). "[W]here physical injury is coincident with or immediately follows an accident and is naturally and directly connected with it lay testimony may be sufficient to carry to the triers of the facts the issue of whether or not the accident proximately caused it. . . ." *Roscoe v. Grubb,* 237 S.C. 590, 596, 118 S.E.2d 337, 340 (1961); *see Armstrong v. Weiland,* 267 S.C. 12, 16, 225 S.E.2d 851, 853 (1976) ("When the testimony of an expert witness is not relied upon to establish proximate cause, it is sufficient for plaintiff to put forth some evidence which rises above mere speculation or conjecture. . . .").

We find Judge Cooper did not err in admitting Wilder's own testimony of her injuries and the medical bills. *See Pearson v. Bridges,* 337 S.C. 524, 530, 524 S.E.2d 108, 111 (Ct.App. 1999) ("In personal injury actions, great latitude is allowed in the introduction of evidence to aid in determining the extent of damages; . . . [A]ny evidence which tends to establish the nature, character, and extent of injuries which are the natural and proximate consequences of defendant's acts is admissible. . . .").

### III. Damages for Permanent Injury and the Future[3]

 Blue Ribbon argues the trial court erred in awarding damages for permanent injury and future pain and suffering. We disagree.

Wilder testified she continues to suffer pain from the accident and has trouble standing or sitting for long periods of time. She described the pain as "dull because it just feels like my back is going to give out." Wilder testified she had not suffered any similar symptoms before the accident. Judge

---

**3.** We combine Blue Ribbon's third and fourth arguments.

Cooper concluded in his written order: "[Wilder] is entitled to recover $15,000.00 to compensate her for her pain, suffering, loss of enjoyment of life, emotional distress, and mental anguish (past, present and future)."

The amount of damages suffered in a personal injury action is a question for the fact-finder. *See Hicks v. Herring*, 246 S.C. 429, 436, 144 S.E.2d 151, 154 (1965) (finding the amount of damages awarded in a personal injury action is a question for the jury). Future damages are generally recoverable in personal injury actions as long as the damages are reasonably certain to result in the future from the injury. *Haltiwanger v. Barr*, 258 S.C. 27, 32, 186 S.E.2d 819, 821 (1972). "Future damages in personal injury cases need not be proved to a mathematical certainty. Oftentimes a verdict involving future damages must be approximated. A wide latitude is allowed the jury." *Id.* at 32–33, 186 S.E.2d at 821. "The fact that difficulty may be involved in determining future damages[ ] does not prevent the granting of such relief where damages with reasonable certainty and probability will follow." *Doremus v. Atl. Coast Line R.R. Co.*, 242 S.C. 123, 148, 130 S.E.2d 370, 382 (1963).

Although sparse, Wilder presented some evidence of permanent injury and entitlement to damages for future pain and suffering by testifying she continued to experience pain nearly three years after the accident. We grant the trial court wide latitude in the review of an award of damages. Accordingly, we affirm.

## CONCLUSION

For the foregoing reasons, the order on appeal is

**AFFIRMED.**