**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Otis Owens, Respondent,

v.

Sheriff Michael Hunt, the Aiken County Sheriff's Office, Aiken County Detention Center, and Aiken County, Appellants.

Appellate Case No. 2023-000009

———————

Appeal From Aiken County
Courtney Clyburn Pope, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-271
Heard April 9, 2025 – Filed July 30, 2025

———————

**AFFIRMED IN PART AND REVERSED IN PART**

———————

Andrew F. Lindemann, of Lindemann Law Firm, P.A.; and William H. Davidson, II, of Davidson & Wren, PA, both of Columbia, for Appellants.

Whitney Boykin Harrison, of McGowan Hood Felder & Phillips, of Columbia; Joshua Thomas Hawkins, of Hawkins & Jedziniak, LLC, of Greenville; and Ethan Lee Jedziniak, of Turner Padget Graham & Laney, PA, of Greenville, all for Respondent.

———————

**PER CURIAM:** Aiken County, Aiken County Detention Center, Aiken County Sheriff's Office, and Sheriff Michael Hunt (Appellants) appeal the trial court's denial of their motions for judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. We affirm in part and reverse in part.

## FACTS/PROCEDURAL HISTORY

On January 25, 2017, Otis Owens, an inmate at the Aiken County Detention Center, was searched by Deputy Matthew Gibson after Deputy Gibson observed inmates with contraband. Owens alleged he had severe groin pain following the search.

Owens was taken to medical, informed he would need an ultrasound, and prescribed ibuprofen and antibiotics for the pain and swelling. Owens explained his right testicle was much larger than his left, the area was tender to the touch, and he had a sensation of fluid on his right testicle while the left testicle felt numb.

Owens wrote a statement and filed an inmate grievance about Deputy Gibson's pat down. A Prison Rape Elimination Act (PREA)[1] investigation was conducted; however, no witnesses to the pat down were interviewed and no video recording of the pat down was saved.

Owens filed a lawsuit against Appellants, alleging causes of action for gross negligence and negligent hiring and supervision. Following Owens's case-in-chief, Appellants moved for a directed verdict, which was denied. The jury found Appellants grossly negligent in their supervision and confinement of Owens and awarded Owens $150,000 in actual damages. Appellants moved for JNOV or, in the alternative, a new trial absolute. The trial court denied Appellants' motion for a new trial and granted in part and denied in part Appellants' JNOV motion, dismissing Aiken County as a defendant. Appellants filed a motion to alter or amend, which was denied. This appeal followed.

## ISSUES ON APPEAL

I.      Did the trial court err by denying Appellants' motion for JNOV?

---

[1] 34 U.S.C. §§ 30301-30309.

II.     Did the trial court err by denying Appellants' motion for a new trial absolute?

**STANDARD OF REVIEW**

"When reviewing a motion for directed verdict or JNOV, an appellate court must employ the same standard as the trial court." *Byrd ex. rel Julia B. v. McLeod Physician Assocs. II*, 427 S.C. 407, 412, 831 S.E.2d 152, 154 (Ct. App. 2019) (quoting *Wright v. Craft*, 372 S.C. 1, 18, 640 S.E.2d 486, 495 (Ct. App. 2006)). "[W]e reverse only when there is no evidence to support the ruling or when the ruling is governed by an error of law." *Austin v. Stokes-Craven Holding Corp.*, 387 S.C. 22, 42, 691 S.E.2d 135, 145 (2010). "Whether to grant a new trial is a matter within the discretion of the trial judge, and this decision will not be disturbed on appeal unless it is unsupported by the evidence or is controlled by an error of law." *Id.* at 49, 691 S.E.2d at 149.

**LAW/ANALYSIS**

**I.     JNOV**

**A. Gross Negligence and Section 15-78-60(17)**

Appellants argue the trial court erred in denying their motion for JNOV because Owens's gross negligence claim is actually an assault claim. Appellants further argue that they are immune from liability for assault claims under section 15-78-60(17) of the South Carolina Code (2005 & Supp. 2024). We disagree.

We find the trial court properly denied Appellants' motion for JNOV as to this claim because Owens consistently presented evidence for a gross negligence claim. Any reference to assault in Owens's claim was used, among other factual allegations, to characterize how Appellants were grossly negligent in their supervision and confinement of Owens. *See* S.C. Code Ann. § 15-78-60(25) (2005 & Supp. 2024) (providing that a government entity is not liable for a loss resulting from "responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, patient, prisoner, inmate, or client of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner"); *Jackson v. S.C. Dep't of Corrs.*, 301 S.C. 125, 126, 390 S.E.2d 467, 468 (Ct. App. 1989) ("A defendant is guilty of gross negligence if he is so indifferent to the consequences of his conduct as not to give slight care to what he is doing."); *Marietta Garage, Inc. v. S.C. Dep't of Pub. Safety*, 337 S.C.

133, 139–40, 522 S.E.2d 605, 609 (Ct. App. 1999) ("South Carolina courts define gross negligence as the intentional, conscious failure to do something which one ought to do or the doing of something one ought not to do; a relative term which means the absence of care that is necessary under the circumstances; the failure to exercise a slight degree of care; and where a person is so indifferent to the consequences of his conduct as not to give slight care to what he is doing."). The following evidence supports this claim: Deputy Gibson testified he used an unsanctioned search method in violation of detention center policy while performing the pat down on Owens. Multiple officers testified that an injury to an inmate can occur from excessive force during a pat down. Sheriff Hunt testified that the detention center's failure to preserve video footage of a sexual assault and an injury that occurs during a pat down are violations of detention center policy. Inmates and officers who witnessed the pat down described the search as rough and immediately noticed Owens's discomfort. Owens testified to the events leading to his injury, the pain and swelling of his testicles, and his timeline of recovery. Owens and his parents testified to Owens's feelings of depression and embarrassment following the pat down. Lieutenant Bowman admitted that the detention center's PREA investigation did not comply with agency policies. Therefore, considering this evidence in the light most favorable to Appellants, we hold the jury could have determined Deputy Gibson's pat down was excessive, violated detention center policy, and Appellants' actions as failing to exercise slight care towards Owens. Further, the protection from liability under section 15-78-60(17) does not extend to gross negligence and, thus, is not applicable here. Accordingly, we affirm. *See Austin*, 387 S.C. at 42, 691 S.E.2d at 145 ("[W]e reverse only when there is no evidence to support the ruling or when the ruling is governed by an error of law.").

**B. Duty of Care**

Appellants argue the trial court erred in failing to instruct the jury on the duty of care owed. This argument is unpreserved for appellate review as Appellants did not object to the trial court's jury instructions or argue that the trial court failed to instruct the jury on the duty of care. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

**C. Negligent Hiring/Supervision**

Appellants argue the trial court erred in ruling Owens presented sufficient evidence to support his negligent hiring and supervision claim. We agree and hold the trial court erred in failing to grant Appellants' JNOV motion as to this cause of action. Owens's brief concedes the trial court should have granted JNOV on this cause of action, and the verdict form did not include negligent hiring or supervision. Owens did not argue at trial that Appellants were negligent in their hiring or supervision of Deputy Gibson. Instead, all arguments and testimony presented concerned Appellants' failure to adhere to proper pat down policies.

### D. Failure to Provide Medical Care

Appellants argue the trial court erred in denying JNOV on Owens's failure to provide medical care claim. We hold the trial court did not err in denying JNOV on this issue. Owens neither pled a cause of action for failure to provide medical care nor did he argue at trial that he received improper or deficient medical care. Furthermore, the jury did not return a verdict for failure to provide medical care. Thus, Appellants' argument is unavailing and there is no relief this court can provide on a claim that was not pled or considered by the jury.

## II. New Trial Absolute

### A. Grossly Excessive Verdict

Appellants argue the record is devoid of evidence supporting the jury's $150,000 verdict for actual damages. Appellants contend Owens presented no evidence of medical bills, out of pocket expenses, permanent impairment, or future medical expenses resulting from Appellants' actions. They aver the verdict is disproportionate to the sustained injuries and is based on bias, prejudice, or other improper considerations due to the lack of supporting evidence. We disagree. Although Appellants are correct that Owens did not produce evidence of medical bills, out of pocket costs, or permanent impairment, Owens did testify and present evidence as to severe pain and swelling of his testicles, embarrassment, and humiliation due to the pat down. Additionally, this court has upheld a verdict over three times the amount awarded here when the plaintiff incurred relatively low medical bills and lost wages. *See Curtis v. Blake*, 392 S.C. 494, 501–03, 709 S.E.2d 79, 82–83 (Ct. App. 2011) (holding the trial court's denial of motions for a new trial absolute and nisi remittitur was not erroneous when the jury awarded the plaintiff $450,000 in actual damages and the plaintiff only claimed $4,530.98 in medical bills and $2,615.76 in lost wages and the plaintiff's doctors believed he had recovered from his pain). Thus, under our highly deferential standard of

review, we hold the trial court did not err in declining to grant a new trial due to an excessive verdict. *See Cohen v. Allendale Coca-Cola Bottling Co.*, 291 S.C. 35, 39–40, 351 S.E.2d 897, 900 (Ct. App. 1986) ("A motion for a new trial based on excessiveness of the verdict is addressed to the sound discretion of the trial judge and is not subject to review absent an abuse of discretion."); *id.* at 40, 351 S.E.2d at 900 ("In a personal injury case, the amount to be awarded for the injury and any resulting pain and suffering cannot be determined with mathematical precision and is necessarily a matter of judgment on the facts of each case which must be left to the jury's discretion."); *id.* ("Where the amount of the verdict bears a reasonable relationship to the character and extent of the injury and the damage sustained, it is not excessive."); *Howard v. Roberson*, 376 S.C. 143, 154, 654 S.E.2d 877, 883 (Ct. App. 2007) ("The jury's determination of damages, however, is entitled to substantial deference."); *Burke v. AnMed Health*, 393 S.C. 48, 57, 710 S.E.2d 84, 89 (Ct. App. 2011) ("[A]s an appellate court, we sit neither to determine whether we agree with the verdict nor to decide whether we agree with the trial [court]'s decision not to disturb it"); *id.* ("[W]e employ a highly deferential standard of review when considering the trial [court]'s ruling on each of the grounds for a new trial."). Thus, we affirm on this issue.

### B. Lay Testimony of Hydrocele[2] Injury

Appellants argue the trial court erred in allowing Owens to present lay testimony that he developed a hydrocele caused by Deputy Gibson's pat down. We disagree. Primarily, Appellants object to Owens mentioning the medical term for the injury to his testicles—hydrocele. We find the trial court did not err in admitting the lay testimony. Owens testified as to the nature and extent of his injury and the events leading to it. He explained what he felt immediately after the pat down and the days following it. *See O'Leary–Payne v. R.R. Hilton Head, II, Inc.*, 371 S.C. 340, 349, 638 S.E.2d 96, 101 (Ct. App. 2006) ("Expert testimony is not required to prove proximate cause if the common knowledge or experience of a layperson is extensive enough."); *Roscoe v. Grubb*, 237 S.C. 590, 596, 118 S.E.2d 337, 340 (1961) ("[W]here physical injury is coincident with or immediately follows an accident and is naturally and directly connected with it lay testimony may be sufficient to carry to the triers of the facts the issue of whether or not the accident

---

[2] *See Hydrocele*, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/hydrocele/symptoms-causes/syc-20363969 (last visited June 10, 2025) ("A hydrocele (HI-droe-seel) is a type of swelling in the scrotum, the pouch of skin that holds the testicles.").

proximately caused it . . . ."); *Wilder v. Blue Ribbon Taxicab Corp.*, 396 S.C. 139, 146–47, 719 S.E.2d 703, 707 (Ct. App. 2011) (holding the trial court did not err by admitting plaintiff's "own testimony of her injuries" when "there was no expert testimony and the only evidence that [plaintiff's] 'medical bills were a result of injuries she sustained in the accident' was her own testimony"). Even if Owens using the medical term was an error, any error in the use of this term was cured because the trial court issued a curative instruction to the jury to disregard any statements regarding "hydroceles." *See State v. George*, 323 S.C. 496, 510, 476 S.E.2d 903, 911–12 (1996) ("If the trial judge sustains a timely objection to testimony and gives the jury a curative instruction to disregard the testimony, the error is deemed to be cured.").

### C.    Common Plan/Scheme Testimony

Appellants argue the trial court erred in allowing other inmates to testify about Deputy Gibson's conduct during prior pat down searches to establish proof of a common plan or scheme. We disagree. We find the other inmates' testimony concerning Deputy Gibson's pat downs resulting in injury was admissible under Rule 404(b). *See* Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."); *id.* ("It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *Judy v. Judy*, 384 S.C. 634, 642, 682 S.E.2d 836, 840 (Ct. App. 2009) ("Where the other bad acts are not the subject of conviction, they must be proven by clear and convincing evidence."); *id.* ("When considering whether there is clear and convincing evidence, this [c]ourt is bound by the trial court's findings unless they are clearly erroneous."); *id.* ("Prior bad act evidence is admissible where the evidence is of such a close similarity to the charged offense that the previous act enhances the probative value of the evidence so as to outweigh the prejudicial effect."). The trial court ruled this testimony was admissible because it was "so related in character, time, and place of commission as to show existence of common plan or system." The inmates testified Deputy Gibson used the improper blade method of patting them down, that all experienced injuries to their testicles, and all experienced similar symptoms as Owens and needed medical attention. Thus, we hold this testimony had a close degree of similarity to Owens's allegations and injuries and was admissible. Thus, we affirm.

### D.    Retaliation Testimony

Appellants argue the trial court erred in allowing other inmates to testify that Deputy Gibson retaliated against Owens because Owens alleged no claim for retaliation and the events in the testimony did not occur in "immediate temporal proximity" to the pat down.  We hold this evidence was relevant to show Appellants did not exercise slight care in the supervision and confinement of Owens—the main cause of action pled by Owens.  *See Wilder*, 396 S.C. at 146, 719 S.E.2d at 707 ("On appeal, this court will not disturb a trial court's evidentiary rulings absent a clear abuse of discretion."); Rule 402, SCRE ("All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of South Carolina, statutes, these rules, or by other rules promulgated by the Supreme Court of South Carolina.").

### E.     Prison Rape Reduction Act Investigation[3]

Appellants argue the trial court erred in allowing Owens to introduce testimony and allegations concerning PREA. We hold the trial court did not err in permitting this evidence.  Immediately after the pat down Owens filed a grievance and a PREA investigation ensued.  The investigation was relevant and directly related to Owens's allegations of an improper pat down search and resulting injury.  Thus, we hold the trial court did not err in denying Appellants' motion for new trial on this ground.

### F.     Aiken County

Appellants argue the trial court erred by failing to dismiss Aiken County at the directed verdict stage.  However, their arguments are conclusory and unsupported by authority.  Thus, we affirm the trial court.  *See Mead v. Beaufort Cnty. Assessor*, 419 S.C. 125, 139, 796 S.E.2d 165, 172 (Ct. App. 2016) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority." (quoting *Bryson v. Bryson*, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008))); *id.* at 139, 796 S.E.2d at 172–73 ("When an appellant provides no legal authority regarding a particular argument, the argument is abandoned and the court can decline to address the merits of the issue.").

---

[3] PREA establishes national standards for prisons for the prevention and punishment of prison rape.  Under PREA regulations, prisons must collect and store certain data–such as any video surveillance of the prison–and investigate should an inmate allege a sexual assault.  28 C.F.R. §§ 115.86-89, 115.71-73 (2025).

**CONCLUSION**

Based on the foregoing, we hold the trial court did not err in denying Appellants' motion for a new trial or JNOV with regard to Owens's claim for gross negligence. However, we find the trial court erred in denying Appellants' JNOV motion concerning Owens's negligent hiring and supervision cause of action. Accordingly, the holdings of the trial court are

**AFFIRMED IN PART and REVERSED IN PART.**

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**