2383

TOP VALUE HOMES, INC., Appellant-Respondent v.
Thomas HARDEN and June Harden, Respondents-Appellants.

(460 S.E. (2d) 427)

Court of Appeals

*John L. Weaver,* North Charleston, *for appellant-respondent.*

*Clifton Newman,* Kingstree, *for respondents-appellants.*

Heard June 7 1995.

Decided July 24, 1995.

HEARN, Judge:

Top Value Homes, Inc. sued Thomas and June Harden for payment under a contract to purchase a mobile home and for claim and delivery of the mobile home. The Hardens answered and counterclaimed, asserting breach of warranty, negligence, fraud, and violation of the South Carolina Unfair Trade Practices Act (UTPA). S.C. Code Ann. §§ 39-5-10 to -560 (1985 &

Supp. 1994) Top Value failed to reply to the counterclaims and the Hardens filed an affidavit of default as to each of their causes of action. The trial court denied Top Value's motion to set aside the entry of default and set the case for trial on the issue of damages. Top Value abandoned its claims prior to trial. The Hardens' UTPA claim was submitted to the court, and their remaining counterclaims were submitted to the jury. The jury returned a separate verdict for the Hardens on each counterclaim. The trial court denied all Top Value's post-verdict motions, and also denied the Hardens' claim for damages under the UTPA. Both sides appeal. We affirm in part, reverse in part and remand.

## Facts

In May 1990, the Hardens purchased a used mobile home from Top Value for $14,230.35. Top Value financed the purchase under a twelve-year installment sales contract.

Shortly after the home was moved to the Hardens' property, they began to have problems with the home's structure, electrical system, and heater. They also experienced leaks when it rained. Mrs. Harden eventually removed some linoleum and discovered evidence of previous fire damage. As she continued to remove the floor covering to see the extent of the damage, Mrs. Harden fell through the floor and injured her back.

The Hardens contacted Top Value regarding their discovery of the fire damage but received no response. They thereafter stopped making payments. Top Value then brought action for recovery of the entire amount due under the contract ($36,606.98). Top Value also claimed entitlement to possession of the mobile home. The Hardens served their answer and counterclaims upon Top Value's counsel on May 20, 1992. On September 4, 1992, the Hardens filed an affidavit of default, asserting Top Value had not responded to their counterclaims.

On September 10, 1992, Top Value's counsel filed a motion to set aside the default and to allow Top Value ten days to reply to the counterclaims. Top Value's counsel asserted he became counsel of record in mid-July 1992 and "made several [attempts] to contact [the Hardens'] attorney to advise him of the changes in representation and the matter in general, but has not been able to do so." Top Value's counsel also asserted

the Hardens' counsel "made no attempt to contact [him] to discuss this situation prior to filing said Affidavit even though he had knowledge of the substitution of counsel prior to filing the same." Counsel added Top Value "will be substantially prejudiced in this matter due to the mistake, inadvertance (sic) or excusable neglect of another should this default not be set aside and a responsive pleading allowed in this case." The Court denied the motion to set aside the entry of default, ruling that Top Value failed to show excusable neglect pursuant to Rule 60(b)(1), SCRCP.

At the damages trial, the parties agreed to submit the UTPA counterclaim to the judge. The Hardens' remaining counterclaims were submitted to the jury. The jury returned a verdict for the Hardens for $8,000 for breach of warranty, $4,000 actual damages for negligence, $25,000 actual damages for fraud, and $50,000 punitive damages for fraud. Top Value moved for judgment notwithstanding the verdict or, alternatively, a new trial. Top Value also moved to require the Hardens to elect their remedy.

The trial court denied all Top Value's post-verdict motions. Regarding the Hardens' UTPA counterclaim, the trial court ruled that although Top Value defaulted as to the claim, the Hardens should not recover under the Act because, "the sale of mobile homes is an activity exempt from unfair trade practices in that it is subject to regulatory control and the imposition of penalties by the Manufactured Housing Board. *Scott v. Mid Carolina Homes, Inc.* [293 S.C. 191, 359 S.E. (2d) 291 (Ct. App. 1987)]." Hence, the trial court denied the Hardens damages under the Act. Both sides appeal.

### Top Value's Appeal

Top Value argues the trial court erred in denying its motion to set aside the default, claiming the court applied the wrong legal standard to the motion. Top Value asserts the court incorrectly applied the more stringent standard of "excusable neglect" for setting aside a default judgment under Rule 60(b), SCRCP, instead of the "good cause" standard under Rule 55(c), SCRCP. We agree.

This issue is controlled by our decision in *Wham v. Shearson Lehman Bros. Inc.*, 298 S.C. 462, 381 S.E. (2d) 499 (Ct. App. 1989). In *Wham*, the trial court did not employ the "good

cause" standard, instead applying the more rigorous "excusable neglect" standard required by Rule 60(b). On appeal, we stated:

> Under S.C.R. Civ. P. 55(c) . . . the standard for granting relief from an entry of default is "good cause." The decision of whether to grant relief from an entry of default is solely within the sound discretion of the trial court. An order based on an exercise of that discretion, however, will be set aside if it is controlled by some error of law or lacks evidentiary support.

*Id.* at 465, 381 S.E. (2d) at 501 (citations omitted).

In this case, the Hardens did not have a default judgment; at most, they only had an entry of default. Hence, the trial court should have applied Rule 55(c) and not Rule 60(b) in deciding Top Value's motion to set aside the entry of default. Therefore, the order refusing to grant Top Value relief from default is controlled by an error of law and must be vacated.

Accordingly, we remand for the circuit court to redetermine the issue of whether Top Value should be relieved from the entry of default. In determining this issue, the court, exercising a broader, more liberal discretion than otherwise would be exercised under Rule 60(b), shall consider the following factors: (1) the timing of Top Value's motion for relief; (2) whether Top Value has a meritorious defense; and (3) the degree of prejudice to the Hardens if relief is granted. *Id.* at 465, 381 S.E. (2d) at 501-02.

Because of our disposition of this issue, we decline to address the remaining issues Top Value raises on appeal.[1]

---

[1] Top Value also argues that the trial court's charge on punitive damages and its posttrial review of the verdict did not comport with *Gamble v. Stevenson*, 305 S.C. 104, 406 S.E. (2d) 350 (1991). We take this opportunity to remind the trial bench that *Gamble* approved a punitive damages charge that included: the degree of recklessness requisite to a punitive damage award, that such an award was to punish or deter a defendant and others from similar conduct in the future, that is, to make an example of the defendant; that the jury must find actual damages before awarding punitive; and that in calculating the amount of damages, the jury may consider the defendant's ability to pay. *Id.* at 111, 406 S.E. (2d) at 354. Moreover, *Gamble* requires the trial court to conduct a meaningful posttrial review of a punitive damage award and suggests the following factors should be considered: (1) defendant's degree of cul-

### The Hardens' Appeal

In their Statement of Issues on Appeal, the Hardens assert the trial court erred in denying them damages under the UTPA, arguing in their brief that the trial court improperly relied on this court's decision in *Scott v. Mid Carolina Homes, Inc.*, 293 S.C. 191, 359 S.E. (2d) 291 (Ct. App. 1987), which was subsequently overruled by the Supreme Court in *Ward v. Dick Dyer & Assocs., Inc.*, 304 S.C. 152, 402 S.E. (2d) 310 (1991). While we read the trial court's order as dismissing the UTPA claim in its entirety, counsel for the Hardens contended at oral argument the trial court did not dismiss the UTPA claim, but only refused to award the Hardens treble damages. The Hardens, therefore, were not appealing from the trial court's decision to dismiss the UTPA claim but rather from its decision not to treble the damages award. Given this limitation on the scope of the appeal, we cannot say the trial court erred in refusing to award treble damages because the record does not show any evidence that the alleged violation of the UTPA by Top Value was willful and knowing. *See* S.C. Code Ann. § 39-5-140(a) ("If the court finds that the use or employment of the unfair or deceptive method, act or practice was a willful or knowing violation . . ., the court shall award three times the actual damages sustained. . . ."). The trial court's decision with respect to the UTPA claim is affirmed.

For the foregoing reasons, the circuit court's order is

Affirmed in part; reversed in part and remanded.

HOWELL, C.J., and GOOLSBY, J., concur.

---

pability; (2) duration of the conduct; (3) defendant's awareness or concealment; (4) the existence of similar past conduct; (5) likelihood the award will deter the defendant or others from like conduct; (6) whether the award is reasonably related to the harm likely to result from such conduct; (7) defendant's ability to pay; and (8) such other factors as may be appropriate. *Id.* at 111-12, 406 S.E. (2d) at 354. The posttrial order in this case does not indicate whether the *Gamble* factors were considered in sustaining the award.