THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ashley Engineering & Consulting, Inc.,       
Respondent,
 
 
 

v.

 
 
 
TKS Construction, Inc.,       
Appellant.
 
 
 

Appeal From Dorchester County
Patrick R. Watts, Circuit Court Judge

Unpublished Opinion No.  2004-UP-543
Heard October 13, 2004  Filed October 
 26, 2004

AFFIRMED IN PART, REVERSED IN PART, 
 AND REMANDED

 
 
 
Frank M. Cisa, of Mt. Pleasant, for Appellant.
Andrew David Grimes, of North Charleston, for Respondent.
 
 
 

PER CURIAM: TKS Construction hired Ashley 
 Engineering to help develop a piece of property that it was seeking to purchase.  
 Ashley Engineering filed a mechanics lien against the property when TKS failed 
 to pay Ashley Engineering for its services.  TKS challenged the mechanics lien 
 and sought to escape the full impact of the lien by submitting a cash bond in 
 compliance with the mechanics lien statute.  The master-in-equity enforced 
 the mechanics lien and refused to substitute the cash bond for the property.  
 We affirm in part, reverse in part, and remand.
FACTS
TKS is wholly owned and operated by Theo K. Soritoglou, 
 who is the corporations registered agent for service of process.  TKSs registered 
 office for service of process, as of April 23, 2002, was 100 Crowfield Boulevard, 
 Goose Creek, South Carolina. 
TKS sought to buy a piece 
 of property from Westvaco Development Corporation; however, prior to purchasing 
 the land, Westvaco had to approve TKSs development plans.  Therefore, TKS hired 
 Ashley Engineering to determine the most cost effective way to develop the property.  
 The work involved engineering a development design, obtaining permits, getting 
 approval for the project, and conducting boundary, topographical, and construction 
 surveys. 
TKS was initially interested 
 in buying an area defined as Lot 2.  Ashley Engineerings work, however, revealed 
 that a section of Lot 2 did not need engineering work to obtain a building permit.  
 This section would yield four lots ready for immediate construction because 
 an area that was in the process of being developed surrounded it.  As a result, 
 this subsection of Lot 2 was sold to TKS as Lot 2A.  TKS did not purchase the 
 rest of Lot 2 from Westvaco.
TKS never paid Ashley Engineering 
 for the work they performed on Lot 2.  As a result, Ashley Engineering filed 
 a notice and certificate of mechanics lien in the amount of $7,533.57 on Lot 
 2A.  Ashley Engineering subsequently initiated a suit against TKS by filing 
 a summons and complaint, as well as a lis pendens.  The complaint 
 requested damages totaling $7,663.20 and attorneys fees.  TKS failed to answer 
 the complaint and an order of default was entered.  
At a damages hearing, TKS 
 challenged the sufficiency of Ashley Engineerings service of process through 
 a motion to set aside default, but the trial court found service was proper.  
 Additionally, damages were set at $7,800.00 for labor, $675.00 for accrued interest, 
 and $4,494.00 for attorneys fees.  By consent of the parties, the amount of 
 damages was later amended to $7,573.57. 
Prior to the amendment of 
 the damages, TKS entered a bond in the amount of $10,098.08 and requested that 
 the court amend its order to substitute the cash bond entirely for the real 
 property pursuant to section 29-5-110 of the South Carolina Code (Supp. 2003).  
 Ashley Engineering objected to the substitution because it would leave a portion 
 of its $12,969.00 judgment unsecured by either the bond or the real property.  
 The trial court agreed and determined it would be inequitable to allow the bond 
 to be substituted entirely for the real property.  TKS appeals this decision.
LAW/ANALYSIS
 I.     
Service of Process 
TKS argues the trial court 
 erred by not setting aside the default judgment because the summons and complaint 
 regarding the mechanics lien was not appropriately served.  We disagree. 
When the sufficiency of 
 the service of process is challenged, the findings of the trial court are binding 
 on the appellate court unless they are wholly unsupported by the evidence or 
 manifestly influenced or controlled by an error of law.  Brown v. Carolina 
 Emergency Physicians, P.A., 348 S.C. 569, 583, 560 S.E.2d 624, 631 (Ct. 
 App. 2001).
Ashley Engineering served 
 TKS on April 23, 2002 by delivering the summons and complaint to TKSs registered 
 office for service of process, which at that time was 100 Crowfield Boulevard, 
 Goose Creek, South Carolina.  Agent Owned Realty, however, occupied this address.  
 In the past, Agent Owned Realty had employed Soritoglou, TKSs president, sole-shareholder, 
 and registered agent of service; however, he had since left the agency.  Soritoglou 
 operated TKS out of Agent Owned Realtys office until January 2002.  As late 
 as April 12, 2002, TKS sent a facsimile transmission to Ashley Engineering listing 
 100 Crowfield Boulevard as its address on its letterhead.  Furthermore, it was 
 not uncommon for Soritoglou to receive mail at Agent Owned Realty, even after 
 he quit working there.  In fact, the office had a procedure for handling ex-agents 
 mail whereby the mail was placed in an envelope for the agent to pick up, and 
 if after some time the agent had not come to get the envelope, it was mailed 
 to the agent.  Soritoglou admitted he still received mail at the Crowfield address 
 and occasionally retrieved his mail from there.  
When the process server 
 arrived at 100 Crowfield Boulevard, Kelly Poston, Agent Owned Realtys secretary, 
 told her that Soritoglou no longer worked at the office.  Poston then offered 
 to call Soritoglou for the process server.  Soritoglou admits that during the 
 telephone conversation he told the process server that she could leave the legal 
 papers at Agent Owned Realty.  After the telephone call, the process server 
 told Poston she had been instructed by Soritoglou to leave the legal papers 
 with her and Poston accepted them.  Soritoglou denies receiving the papers.
Rule 4(d)(3), SCRCP, allows 
 for service of a corporation by delivering a copy of the summons and complaint 
 to an officer, a managing or general agent, or to any other agent authorized 
 by appointment or by law to receive service of process . . . .  Ashley Engineering 
 served the summons and complaint at the registered address for service of process 
 after being told by Soritoglou, the registered agent for service of process, 
 that the legal papers could be left at that location. 
According to . . . state rules . . . , service 
 of process may be made upon an individual by delivering a copy of the summons 
 and of the complaint to an agent authorized by appointment to receive service 
 of process.  This provision was intended to cover the situation where an individual 
 actually appoints an agent for the purpose of receiving service.  Moore 
 v. Simpson, 322 S.C. 518, 523-24, 473 S.E.2d 64, 67 (Ct. App. 1996) 
 (citation omitted).  Through his actions and words, Soritoglou authorized Poston 
 to be an agent for service of process.  Rule 4(d)(3), SCRCP, allows for this 
 authorization of an agent for service of process.  Therefore, the trial court 
 did not commit error by refusing to set aside the default judgment. 
 II.   Mechanics Lien
TKS argues the trial court erred in concluding 
 that Ashley Engineering was entitled to a mechanics lien because Ashley Engineering 
 had not performed any work relative to Lot 2A within 90 days of filing the mechanics 
 lien as required by section 29-5-90 of the South Carolina Code (Supp. 2003).  
 We disagree.  
The decision of whether to grant relief from an 
 entry of default is solely within the sound discretion of the trial court.  
 Top Value Homes, Inc. v. Harden, 319 S.C. 302, 306, 
 460 S.E.2d 427, 429 (Ct. App. 1995).  An order based on an exercise of that 
 discretion, however, will be set aside if it is controlled by some error of 
 law or lacks evidentiary support.  Id.
Robert Locklair, the owner of Ashley Engineering, 
 testified that October 29, 2001 was the last date that Ashley Engineering did 
 any work for TKS.  Locklair testified that on that date Ashley Engineering obtained 
 approval from the Town of Summerville for their plat of the property that TKS 
 was contracting to purchase from Westvaco.  Ashley Engineering then filed its 
 mechanics lien on November 8, 2001.  Therefore, the trial court did not err 
 in its decision because there was evidence that Ashley Engineering had completed 
 its work for TKS within 90 days of filing its mechanics lien. 
 III.           Cash Bond
TKS argues the trial court 
 erred by refusing to release the subject property from the mechanics lien because 
 they submitted a cash bond pursuant to section 29-5-110 of the South Carolina 
 Code (Supp. 2003).  We agree.  
The trial courts decision 
 regarding a mechanics lien will not be disturbed on appeal absent an abuse 
 of discretion.  Keeneys Metal Roofing, Inc. v. Palmieri, 345 S.C. 
 550, 553, 548 S.E.2d 900, 901-02 (Ct. App. 2001).  An abuse of discretion 
 occurs when the trial judges ruling is based upon an error of law.  Id.
Ashley Engineering submitted 
 a statement of account for $7,533.57 in work performed and interest on the unpaid 
 balance.  Later, at the damages hearing, the trial court set damages at $7,800.00 
 for labor, $675.00 for accrued interest, and $4,494.00 for attorneys fees.  
 The amount of damages was later amended, by consent of the parties, to $7,573.57.
After the court had set 
 damages and attorneys fees, TKS submitted a bond for $10,098.08, one and one-third 
 times the amount the court awarded as damages.  Subsequently, TKS asked the 
 trial court to amend its order to substitute the cash bond for the subject real 
 property.  Ashley Engineering objected, arguing the substitution would leave 
 $2,870.92 of its judgment unsecured.  The court agreed and refused to substitute 
 the cash bond because it would leave a substantial portion of Ashley Engineerings 
 judgment uncovered by either bond or property.  The court determined that it 
 would be unjust and inequitable to find that a lienors property is secured 
 by only a general lien on the property, after the lienor has complied strictly 
 with all the requirements of the statute and enforced its lien all the way through 
 suit to judgment.  
Section 29-5-110 of the 
 South Carolina Code states that an owner may, at any time, secure the discharge 
 of the property from a mechanics lien by filing an amount equal to one and 
 one-third times the amount claimed in the statement of account.  S.C. Code Ann. 
 § 29-5-110 (Supp. 2003).  The use of the word may vests discretion in the 
 owner of the property to either submit a cash bond or suffer the lien.  TKS 
 availed itself of this statute by submitting an amount complying with the formula 
 in section 29-5-110.  
When the terms of a statute 
 are clear, the court must apply those terms according to their literal meaning.  
 Hinton v. South Carolina Dept of Probation, Parole and Pardon Services, 
 357 S.C. 327, 334, 592 S.E.2d 335, 339 (Ct. App. 2004).  Section 29-5-110 does 
 not grant the courts discretion in discharging the property from the lien.  
 While it may be inequitable to apply the statute in such a way that the lienors 
 full judgment is no longer secured and where attorneys fees are effectively 
 capped at an amount no greater than the one-third of the total value of labor 
 listed in the statement of account, it is the application required by the statutes 
 clear language.
Because a plain reading 
 of section 29-5-110 allows discharge of the lien in return for a cash bond set 
 at one and one-third the amount claimed in the statement of account, and TKS 
 submitted such bond, the trial court erred by refusing to substitute the cash 
 bond for the subject property.
 IV.           Damages
TKS argues the court erred 
 in awarding damages because Ashley Engineering was unable to specify what improvements 
 or work was performed on Lot 2A.  We disagree.  
In a foreclosure of a mechanics 
 lien, the judges findings will not be disturbed unless they are without evidentiary 
 support.  Zepsa Constr., Inc. v. Randazzo, 356 S.C. 39, 43, 586 S.E.2d 
 599, 601 (Ct. App. 2003).  The trial court found Ashley Engineering had 
 conducted site and topographical surveys and developed designs for roads, 
 drainage, water sewer and grading for the property as to the entirety of Lot 
 2, from which Lot 2A was later carved.  Also, Ashley Engineerings work revealed 
 that Lot 2A could be subdivided and built upon without additional infrastructure 
 such as roads, drainage, water, and sewer.  Furthermore, Ashley Engineering 
 determined where to separate Lot 2A from Lot 2 and where to divide the portion 
 into lots for building. 
Ashley Engineering contracted 
 with TKS to provide engineering services related to all of Lot 2, from which 
 Lot 2A was eventually divided.  TKS tries to escape a portion of the mechanics 
 lien by demanding that Ashley Engineering specify what percentage of the work 
 was performed on Lot 2A as opposed to Lot 2.  The work Ashley Engineering performed 
 on the entire area, however, led to the conclusion that Lot 2A could be separated 
 from Lot 2. 
Testimony from Locklair 
 established the interconnectedness of the work done on Lot 2 and Lot 2A.  Locklair 
 testified the work was of such a degree that it was impossible to apportion 
 amounts of work between the lots.  This supports the trial courts conclusion 
 that a mechanics lien in the full amount could attach to Lot 2A, thus there 
 is abundant support in the record to support the judges factual findings.
Additionally, because we 
 affirm the trial courts findings and attorneys fees are authorized under the 
 mechanics lien statute, the trial court did not err by awarding Ashley Engineering 
 attorneys fees.
AFFIRMED IN PART, REVERSED 
 IN PART, AND REMANDED. 
 STILWELL, BEATTY, and SHORT, JJ., concur.