1352

Norman WHAM, Respondent v. SHEARSON LEHMAN BROTHERS, INC., Appellant.

(381 S. E. (2d) 499)

Court of Appeals

*Michael J. Giese,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellant.*

*Michael D. Glenn,* Anderson, *for respondent.*

Heard May 15, 1989.

Decided June 12, 1989.

GOOLSBY, Judge:

Shearson Lehman Brothers, Inc., is the appellant. Norman Wham is the respondent. We address only the questions relating to the sufficiency of the summons and to the standard for granting relief from an entry of default under Rule 55(c) of the South Carolina Rules of Civil Procedure. The master's order refusing to quash the summons is affirmed; however, the master's order denying the motion to set aside the entry of default is vacated and the issue raised by the motion is remanded for determination by the master.

Wham began this action on February 29, 1988, by serving a summons and complaint on Shearson Lehman's registered agent. Thirty-eight days later, after Shearson Lehman failed to answer the complaint or otherwise respond, Wham filed an affidavit of default. The clerk of court entered the default the same day.

Wham moved to refer the case to the master for the entry of final judgment. The master thereafter scheduled a default hearing and sent notice of the hearing to Shearson Lehman.

Upon receipt of the notice of hearing, Shearson Lehman appeared and moved to quash the summons and set aside the entry of default, or alternatively, to stay the proceedings and compel arbitration.

An affidavit submitted by a Shearson Lehman's attorney blamed its failure to appear and defend the action simply upon her or a legal assistant's failure to request an extension of time to respond to the complaint during a time where there was a "press of other business" and "a drastic increase" in "incoming litigation caseload" brought about by Shearson Lehman's merger with E. F. Hutton & Company and the stock market crash on October 19 and 20, 1987.

I.

The summons attached to Wham's complaint reads in pertinent part:

[I]f you fail to answer the complaint within the time aforesaid, the plaintiff in this action will apply to the court for the relief demanded in the complaint.

This language, incidently, is almost the same as that suggested by Dean Lightsey and Professor Flanagan in their "summons" form. H. LIGHTSEY AND J. FLANAGAN, SOUTH CAROLINA CIVIL PROCEDURE, Appendix B, Form III at 7 (1985).

Rule 4(b) of the South Carolina Rules of Civil Procedure, like its Federal counterpart, F.R. CIV. P. 4(b), provides in part:

> The summons ... shall notify [the defendant] that in case of his failure to [appear and defend] *judgment by default will be rendered against him* for the relief demanded in the complaint. [Emphasis ours.]

The summons used by Wham failed to state that "judgment by default will be rendered against [Shearson Lehman]" in the event it did not appear and defend the action. Shearson Lehman contends the omission of this language renders the summons fatally defective and, therefore, the master should have quashed it.

We deem the summons sufficiently accurate to provide proper notice to Shearson Lehman. It tells Shearson Lehman that its failure to respond within the prescribed period will result in Wham's demanding from the court the relief sought in his complaint, which is another way of saying that judgment by default will be taken against Shearson Lehman should it fail to appear and defend the action. *See* H. LIGHTSEY AND J. FLANAGAN, *supra* at 76 (a major item for inclusion in a summons is a demand for relief in the event of default).

In any case, the omission of the language from the summons was harmless. The omission had nothing whatever to do with Shearson Lehman's failure to appear and defend the action and it neither confused nor misled Shearson Lehman. Absent a clear showing of prejudice by Shearson Lehman, the master properly refused to quash the summons. *See* 4A C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL (2d) § 1088 at 32 (1987) (the court may dismiss the complaint for lack of proper service of process when the error actually results in the defendant's prejudice); *cf.* S.C.R. CIV. P. 4(i) (the trial court has discretion to allow any process to be

amended unless it clearly appears the defendant will be materially prejudiced by an amendment); *Crawford v. Murphy*, 260 S. C. 411, 414, 196 S. E. (2d) 503, 504 (1973) (stating that the summons at issue in *Brown v. Weathers*, 251 S. C. 67, 160 S. E. (2d) 133 (1968), wherein the Supreme Court affirmed the trial court's vacating of a default judgment, "was sufficiently irregular to confuse the defendant.").

## II.

Under S.C.R. CIV. P. 55(c), as under F.R. CIV. P. 55(c), the standard for granting relief from an entry of default is "good cause." *Ricks v. Weinrauch*, 293 S. C. 372, 360 S. E. (2d) 535 (Ct. App. 1987); H. LIGHTSEY AND J. FLANAGAN, *supra* at 82. The decision of whether to grant relief from an entry of default is solely within the sound discretion of the trial court. *Id.* An order based on an exercise of that discretion, however, will be set aside if it is controlled by some error of law or lacks evidentiary support. *Ricks v. Weinrauch, supra.*

Here, the order refusing to grant Shearson Lehman relief from an entry of default is controlled by an error of law and therefore must be vacated.

In deciding the question of whether to grant the motion by Shearson Lehman for relief from the entry of default, the master did not employ the "good cause" standard. Instead, the master erroneously applied the more rigorous standard of "excusable neglect," a standard used under Rule 60(b). *Id.* He did this even though he recognized the " good cause" standard was applicable.

We therefore remand for redetermination by the master the issue of whether Shearson Lehman should be relieved from the entry of default. In determining this issue, the master, exercising a broader, more liberal discretion than he otherwise would under Rule 60(b), shall consider the following factors: (1) the timing of Shearson Lehman's motion for relief; (2) whether Shearson Lehman has a meritorious defense; and (3) the degree of prejudice to Wham if relief is granted. 10 C. WRIGHT, A. MILLER, AND M. KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL (2d) § 2694 at 494 (1983); H. LIGHTSEY AND J. FLANAGAN, *supra* at 82.

## III.

Shearson Lehman also questions the master's refusal to stay the proceedings and compel arbitration.

Because we vacate the order denying the motion by Shearson Lehman for relief from the entry of default and remand the issue raised by the motion, we need not address the master's denial of its alternative motion to stay the proceedings and compel arbitration. *See, however, Miller v. British America Assurance Co.*, 238 S. C. 94, 119 S. E. (2d) 527 (1961) (referring to an arbitration agreement set up in the answer as a "special defense"); 5 Am. Jur. (2d) *Arbitration and Award* § 51 at 556-57 (1962) (one's right to arbitrate given by contract may be waived by failing to raise the right in an answer).

Affirmed in part, vacated in part and remanded.

GARDNER and CURETON, JJ., concur.