2119

Lynn WILLIAMS, d/b/a Williams Cabinets, Respondent v. Bill VAN-VOLKENBURG, d/b/a Progressive Development, Perry Stalnaker and Marsha Stalnaker, of whom: Perry Stalnaker and Marsha Stalnaker are Appellants. Appeal of Perry STALNAKER and Marsha Stalnaker.

(440 S.E. (2d) 408)

Court of Appeals

*Edward L. Graham,* of *Zeigler & Graham,* Florence, *for appellants.*

*Joseph F. Singleton,* of *Cross, Singleton, Burroughs & Norton,* Conway, *for respondent.*

Heard Dec. 9, 1993. Decided Jan. 24, 1994.

Reh. Den. Mar. 3, 1994.

*Per Curiam:*

Lynn Williams, d/b/a Williams Cabinets, sued Perry and Marsha Stalnaker to foreclose a mechanic's lien. Williams furnished labor and materials on a house owned by the Stalnakers. The Stalnakers failed to answer the Complaint and were found to be in default. The master refused to set aside the default and found the Stalnakers owed Williams $4,640, which he ordered paid to Williams out of cash deposited by the Stalnakers with the Horry County Clerk of Court. The Stalnakers appeal. We affirm in part and reverse and remand in part.

Perry and Marsha Stalnaker contracted with Bill Vanvolkenburg, d/b/a Progressive Development, to construct a new home in North Myrtle Beach, South Carolina. Vanvolkenburg subcontracted with Williams to furnish and install kitchen and bathroom cabinets and counter tops in the home.

Pursuant to S.C. Code Ann. § 29-5-90 (1991), Williams served a certificate of mechanic's lien on the Stalnakers in February, 1992. In May, 1992, Williams brought an action to foreclose the mechanic's lien. The Stalnakers were served with the Summons and Complaint on May 12, 1992, but failed to answer. Williams filed an affidavit of default on June 15, 1992. The Stalnakers filed a motion to set aside the default and a motion to permit the filing of an answer and counterclaim against Williams. The Stalnakers contend they have good cause for not answering Williams' Complaint because they forwarded it to their attorney, but he failed to answer it. They also claim to have a meritorious defense to the action.

The master refused to set aside the default. He also found the Stalnakers owed Williams $4,640[1] and ordered it paid from

---

[1] This figure represents the balance due on the contract plus $1,500 attorney's fees.

the cash the Stalnakers had posted in an attempt to bond off a mechanic's lien of Vanvolkenburg. The Stalnakers appeal from these rulings.

1. The Stalnakers first contend the master erred in failing to set aside the entry of default.

A court may set aside an entry of default for good cause shown. Rule 55(c), SCRCP. Whether good cause is established is within the sound discretion of the court. *Wham v. Shearson Lehman Brothers, Inc.*, 298 S.C. 462, 381 S.E. (2d) 499 (Ct. App. 1989). This Court will not disturb a discretionary ruling on appeal unless it appears the ruling is without evidentiary support or controlled by some error of law. *Stanton v. Town of Pawleys Island*, — S.C. —, 420 S.E. (2d) 502 (1992). The issue before this Court, therefore, is not whether we believe good cause existed to set aside the default, but rather, whether the master's determination is supportable by the evidence and not controlled by an error of law.

The master held the Stalnakers had not shown good cause to set aside the default. This holding was based on his finding that the Stalnakers never requested their attorney answer the Complaint. Whether the Stalnakers failed to ask their attorney to file an answer or whether the attorney was negligent in failing to answer, however, is not critical, because even if the attorney were negligent in failing to answer the Complaint, his negligence would be imputed to the Stalnakers. *Roberts v. Peterson*, 292 S.C. 149, 355 S.E. (2d) 280 (Ct. App. 1987). In either case, the Stalnakers would be charged with failing to answer the Complaint. Because the Stalnakers have failed to set forth any other reason why they failed to answer the Complaint, the master's finding that the Stalnakers failed to demonstrate good cause in setting aside the default is supported by the evidence. We, therefore, find no abuse of discretion.

2. The Stalnakers next argue the master erred in ordering payment to Williams out of cash tendered to the Horry County Clerk of Court.

The Stalnakers' attorney testified he deposited money with the Horry County Clerk of Court in an attempt to bond off Vanvolkenburg's mechanic's lien. S.C. Code Ann. § 29-5-110

(1991). It was from these funds the master ordered Williams paid.

Section 29-5-110 provides that

> [T]he owner ... may secure the discharge of ... property from [a mechanic's lien] by filing in the office of clerk of court ... where such lien is filed his written undertaking, in an amount equal to one and one-third times the amount claimed in such statement, ... and upon the filing of such undertaking so secured the lien shall be discharged and the cash ... deposited shall take the place of the property upon which the lien existed and shall be subject to the lien.

Vanvolkenburg had a mechanic's lien against the Stalnakers' house in the amount of $14,329.33. This was also the amount the Stalnakers deposited with the Horry County Clerk of Court. However, under the terms of the statute, the Stalnakers were required to deposit $19,105.77 in order to release the house as security from the mechanic's lien. The statute must be strictly followed. *See Shelley Construction Co. v. Sea Garden Homes, Inc.*, 287 S.C. 24, 336 S.E. (2d) 488 (Ct. App. 1985) (mechanic's liens are purely statutory and issues concerning them must be decided in accordance with the terms of the statute). Because the improper amount was deposited with the clerk, the house was not released as security for the mechanic's lien. *Cf. Durrel Paint & Varnish Co. v. Frazier*, 7 Ohio App. (2d) 183, 219 N.E. (2d) 309 (1966) (where mechanic's lien statute required bond in double the amount of the claim in order to void the lien on the property, court was without power to discharge the lien where owners deposited less than the statutorily prescribed amount). Consequently, the proper remedy to satisfy Williams' lien was to order a foreclosure sale of the house.

We reverse and remand with instructions to commence foreclosure proceedings against the house in order to satisfy Williams' $4,640 judgment against the Stalnakers.

Affirmed in part, reversed and remanded in part.