THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
James Byrd, Respondent,
v.
Delores B. Byrd, Appellant.
 
 
 

Appeal From Greenville County
 R. Kinard Johnson, Jr., Family Court Judge

Unpublished Opinion No.  2005-UP-141
Submitted February 1, 2005  Filed March 1, 2005

REVERSED AND REMANDED

 
 
 
Delores B. Byrd, pro se, of Spartanburg.
Fletcher N. Smith, Jr., of Greenville, for Respondent.
 
 
 

PER CURIAM:  In this domestic action, Delores B. Byrd, the wife, appeals a family court order denying her motion to restore the case to the active docket.  We reverse and remand.[1]
FACTS AND PROCEDURAL BACKGROUND
The parties divorced in 1994.  Among other things, the divorce decree required James Byrd, the husband, to pay alimony to the wife in the amount of $115 per week, with the proviso that he could petition for a reduction in alimony if the wife returned to work or received an award of disability through a then-pending claim.  The family court also ordered that the marital residence be sold and allowed the wife to remain in the home until the time of the sale.
In 1997, the husband filed a new action in the case in which he requested a temporary hearing to address several issues, including the sale of the marital home and termination of spousal support.  Pursuant to this request, the family court held a hearing on August 12, 1997, and issued a temporary order finding the wife was receiving social security disability benefits and terminating further alimony payments from the husband to the wife.  The family court also ordered the marital home to be placed immediately up for sale by a reputable real estate concern.  Neither party requested a final hearing in the case, prompting the family court to issue an administrative order striking the case from the docket with leave to restore for good cause.  No motion to restore was ever made until 2002.  
The marital home was finally sold in December 2001.  In February 2002, the wife filed her own action in which she requested reinstatement of alimony based on the financial circumstances of the parties, reimbursement of one half of the costs she incurred in preparing the marital home for sale, and attorneys fees.  The husband answered and counterclaimed on April 15, 2002. 
The family court held a hearing in the wifes action on September 12, 2002.  On October 16, 2002, the family court filed a final order in the case dismissing with prejudice both the wifes complaint and the husbands counterclaim.  In declining to rule on the issue of alimony, the family court found that neither party filed a timely motion to restore [the 1997 action] and as such the issue of alimony is barred from further consideration by this Court and thus the issue of alimony is not a proper issue[ ] before this Court.  In the same order, the family court found that, although the wife had expended money in preparing for the sale of the marital home, any reimbursement to which she was entitled was offset by her refusal to obey certain provisions in the divorce decree concerning the impending sale and the fact that she had beneficial use of the home for the seven years preceding the sale.  
After the final hearing in the 2002 proceeding but before the filing of the final order, the wife petitioned to restore the 1997 case to the docket and have a hearing set on the issue of alimony.  In her petition, the wife alleged the sale of the marital home in 2001 amounted to a substantial change in circumstances entitling her to alimony.  As additional support for her claim, she also alleged the husbands income had increased from $1,880 to $3,077 per month.  As evidence of good cause to restore the case, the record also included a proposed order to restore prepared and signed by the wifes attorney.  This proposed order stated (1) alimony was terminated on a temporary basis, (2) a final merits hearing was never held in the matter, (3) the wife was informed that the marital home had to be sold before a final hearing could take place, and (4) the parties only recently closed on the sale of the marital home.
On November 4, 2002, the family court held a hearing on the wifes motion to restore the 1997 action.  By order dated November 25, 2002, the family court issued an order denying the motion.  It is from this order that the wife appeals.
LAW/ANALYSIS
Whenever a domestic relations . . . case has been filed and entered in the File Book for more than two hundred seventy (270) days without having been continued, tried or otherwise disposed of, the clerk of court shall strike the case from the File Book with leave to restore.[2]  Any case stricken from the File Book . . . shall be restored only upon the written order of the Chief Administrative Judge, obtained after written application is made and good cause shown why the case should be continued as a pending case . . . .[3]

The family court explained its refusal to restore the case as follows:  
The case was initially filed five and a half years ago, . . . and was stricken from the active docket almost five years ago.  Both parties simply allowed the case to die from inaction.  It would be unjust to revive it after such an extended period of lack of prosecution. 

In our view, the family court placed unwarranted emphasis on the amount of time that had elapsed between the striking of the case and the wifes attempt to have it restored to the docket.  When the supreme court ordered that lawsuits pending in the family courts more than two hundred seventy days without a final hearing or other disposition be struck from the docket, it required only a showing of good cause in a written application to have a case restored as a pending matter.[4]  No mention is made as to how much time a litigant has to request this relief, let alone that an extended lapse of time before moving to restore, without more, is tantamount to a lack of good cause.  Moreover, the family court made no specific findings as to why it would be unjust to hold a hearing on the merits.  We therefore hold the family courts refusal to restore the 1997 case to the docket under these circumstances amounted to an error of law.[5]
We further disagree with the husbands argument that the wifes appeal must fail because she did not appeal the family courts dismissal of her 2002 action.  It appears from the order dismissing that case and comments from the wifes counsel that the family court indicated it would rule on the wifes request to have her alimony reinstated when a motion to restore the prior action was made.  As such, contrary to what the husband argued in his brief, we hold the order dismissing the wifes 2002 lawsuit was not a final judgment on the merits of her alimony claim and therefore should not bar her from pursuing on appeal her right to a hearing on this issue.
Finally, we hold that the wife has demonstrated good cause to support her petition to have the case restored to the docket.  It appears the wife was informed that no final hearing in the matter could be held until the marital home was sold.  As noted in her petition, this event did not occur until late 2001, thus accounting for all but less than ten months of the extended delay before the filing of the petition.  Because it appears the cessation of alimony payments at the temporary hearing was not intended to be a final adjudication of the wifes entitlement to future support, we hold it would be manifestly unjust to prevent a final hearing on this issue.
CONCLUSION
We therefore reverse the order denying the wifes petition to restore the 1997 action and remand the case to the family court for a final hearing in the matter.
 REVERSED AND REMANDED.
GOOLSBY, HUFF, and STILWELL, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Administrative Order for the Family Courts (S. Ct., filed June 5, 1992).
[3]  Id.
[4]  Cf. Maxwell v. Genez, 356 S.C. 617, 591 S.E.2d 26 (2003) (stating that Rule 40(j), SCRCP, in preventing a plaintiff who failed to moved to restore a case removed by consent from the docket within one year after the matter was stricken from taking advantage of the tolling provision stated in the rule, did not require a party to move to restore the case to the docket within one year after it was stricken and holding that [a] party can move to restore a case to the docket more than one year after the claim was stricken without running afoul of Rule 40(j)).
[5]  See Williams v. Vanvolkenberg, 312 S.C. 373, 375, 440 S.E.2d 408, 409 (Ct. App. 1994) (stating that an appellate court reviews an evidentiary record under the good cause standard by determining whether the trial courts determination is supportable by the evidence and not controlled by an error of law).