THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Merry H.
 Fauley, Appellant,
 
 
 

v.

 
 
 
 David S. Weaver, Respondent.
 
 
 

Appeal From Charleston County
 R. Markley Dennis, Jr., Circuit Court
Judge

Unpublished Opinion No.  2011-UP-368 
 Submitted April 4, 2011  Filed July 14,
2011

AFFIRMED

 
 
 
 Jack W. Swan, of Charleston, for Appellant.
 G. D. Morgan, Jr. and Amanda Bradley, both
 of Columbia, for Respondent.
 
 
 

PER CURIAM: Merry
 H. Fauley appeals the dismissal of her claim against David S. Weaver, arguing
 the trial court erred in dismissing the action because Weaver's motion to
 dismiss was untimely.  We affirm.[1]
Following an automobile
 accident, Fauley attempted to serve Weaver, but was unable to do so.  After the
 statute of limitations elapsed, Fauley accomplished service by publication.  Weaver
 did not file an answer or motion within thirty days of service by publication. 
 Several months later, after his insurance carrier was served, Weaver filed a
 motion to dismiss which was followed by Fauley's motion for entry of default. 
 Weaver subsequently filed a motion to set aside the entry of default.  Fauley
 filed returns to both Weaver's motion to dismiss and motion to set aside
 default.  After a hearing, the trial court granted Weaver's motions to set
 aside default and to dismiss the case, holding Weaver was not timely and
 properly served.
Rule 55(c), SCRCP
 provides that an entry of default may be set aside for good cause.  A motion under Rule 55(c) is
 addressed to the sound discretion of the trial court.  Williams v. Vanvolkenburg,
 312 S.C. 373, 375, 440 S.E.2d 408, 409 (Ct.App. 1994).  When deciding whether to set aside an
 entry of default, the trial court should consider: (1) the timing
 of the motion for relief; (2) whether the defendant has a meritorious defense;
 and (3) the degree of prejudice to the plaintiff if relief is granted.  Wham
 v. Shearson Lehman Bros., Inc., 298 S.C. 462, 465, 381 S.E.2d 499,
 501-02 (Ct.App. 1989).  Here, the trial court did not abuse its
 discretion in setting aside the entry of default because Weaver was not
 properly served under Rule 3(a), SCRCP.  See Rule 3(a), SCRCP (stating a
 civil action is commenced when the summons and complaint "are served
 within the statute of limitations in any manner prescribed by law; or if not
 served within the statute of limitations, actual service must be accomplished
 not later than one hundred twenty days after filing").  After the trial
 court set aside the entry of default, the trial court had the inherent power to
 rule on Weaver's motion to dismiss because the case was still before the court.  See Rule 1, SCRCP (providing the rules of civil procedure are to be
 construed to secure the just, speedy, and inexpensive determination of every
 action).  Therefore, the trial court did not err in considering Weaver's motion
 to dismiss.  
AFFIRMED.
WILLIAMS, GEATHERS, and
 LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 rule 215, SCACR.