**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dickie Shults, Appellant,

v.

Angela G. Miller, Respondent.

Appellate Case No. 2015-000359

———————

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-336
Submitted April 1, 2016 – Filed June 29, 2016

———————

**AFFIRMED**

———————

Samuel Darryl Harms, III, of Harms Law Firm, PA, of Piedmont, for Appellant.

Robert Eric Davis, of The Ward Law Firm, PA, of Spartanburg, for Respondent.

———————

**PER CURIAM:** Dickie Shults appeals the circuit court's order granting Angela Miller's motion to set aside an entry of default and her motion for summary

judgment. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in setting aside the entry of default: *Sundown Operating Co., Inc. v. Intedge Indus., Inc.*, 383 S.C. 601, 606, 681 S.E.2d 885, 888 (2009) ("The decision whether to set aside an entry of default . . . lies solely within the sound discretion of the [circuit court]."); *id.* ("The [circuit] court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion."); *id.* at 607, 681 S.E.2d at 888 ("An abuse of discretion occurs when the judge issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support."); *Williams v. Vanvolkenburg*, 312 S.C. 373, 375, 440 S.E.2d 408, 409 (Ct. App. 1994) ("The issue before the [appellate court] . . . is not whether we believe good cause existed to set aside the default, but rather, whether the [circuit court's] determination is supportable by the evidence and not controlled by an error of law."); Rule 55(c), SCRCP ("For good cause shown the court may set aside an entry of default . . . ."); *Sundown*, 383 S.C. at 607, 681 S.E.2d at 888 ("This standard requires a party seeking relief from an entry of default under Rule 55(c) to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice."); *id.* at 607-08, 681 S.E.2d at 888 ("Once a party has put forth a satisfactory explanation for the default, the trial court must also consider: (1) the timing of the motion for relief; (2) whether the defendant has a meritorious defense; and (3) the degree of prejudice to the plaintiff if relief is granted."); *id.* at 609, 681 S.E.2d at 889 ("Although the presence of other factors, in the totality of the circumstances, may amount to a showing of 'good cause,' a defendant may not be relieved from the entry of default *solely* because it relied to its detriment on a negligent insurance agent.").

2. As to whether the circuit court erred in granting Miller's motion for summary judgment: *Wogan v. Kunze*, 379 S.C. 581, 585, 666 S.E.2d 901, 903 (2008) (stating when reviewing a circuit court's grant of summary judgment, appellate courts apply the same standard that governs the circuit court); Rule 56(c), SCRCP (providing summary judgment is appropriate when "there is no genuine issue as to any material fact"); *Wogan*, 379 S.C. at 585, 666 S.E.2d at 903 ("In determining whether triable issues of fact exist[], the evidence and all factual inferences must be viewed in the light most favorable to the nonmoving party.") *Nelson v. Piggly Wiggly Cent., Inc.*, 390 S.C. 382, 391, 701 S.E.2d 776, 780 (Ct. App. 2010) ("A plaintiff prosecuting a negligence claim must demonstrate (1) the defendant[] owed

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

her a duty of care; (2) the defendant[] breached that duty by a negligent act or omission; and (3) she suffered damage as a proximate result of that breach."); *Winburn v. Ins. Co. of N. Am.*, 287 S.C. 435, 443, 339 S.E.2d 142, 147 (Ct. App. 1985) ("The absence of any one of these elements renders the evidence insufficient.").

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**