**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

U.S. Bank, NA, as Trustee relating to the Chevy Chase Funding, LLC Mortgage Backed Certificates, Series 2004-B, Plaintiff,

v.

Alyce F. Otto, Individually; Alyce F. Otto Trustee Under Declaration of Trust of Alyce F. Otto dated the 17th of November 2009; TD Bank, NA; The United States of America, acting by and through its agency, the Internal Revenue Service; Laura Kerhulas Giese, as Co-Trustee of the Theodore Ernest Kerhulas Trust Under Declaration of Trust dated May 25, 2004; Mark Warner Kerhulas, as Co-Trustee of the Theodore Ernest Kerhulas Trust Under Declaration of Trust dated May 25, 2004; Jackson L. Munsey, Jr.; Citibank, N.A., Defendants,

Of whom Jackson L. Munsey, Jr. is the Appellant,

and

U.S. Bank, NA and Alyce F. Otto are the Respondents.

Alyce F. Otto, Trustee, Plaintiff,

v.

Jackson L. Munsey, Jr., Defendant.

Appellate Case No. 2016-000099

Unpublished Opinion No. 2018-UP-075
Submitted January 1, 2018 – Filed February 7, 2018

**AFFIRMED**

David Richard Price, Jr. and Samuel Barton Tooker, both
of David R. Price, Jr., P.A., of Greenville, for Appellant.

Kenneth C. Anthony, Jr., of The Anthony Law Firm,
P.A., of Spartanburg, and Sarah Patrick Spruill, of
Haynsworth Sinkler Boyd, P.A., of Greenville, both for
Respondent Alyce F. Otto.

Richard Carlton Keller, of Burr & Forman, LLP, of
Birmingham, AL, and Erica Greer Lybrand, of Rogers
Townsend & Thomas, PC, of Columbia, both for
Respondent U.S. Bank, NA.

**PER CURIAM:** Jackson Munsey appeals the Master-in-Equity's orders denying
his motion to set aside default, denying his motion for relief from default, and
judgment of foreclosure and sale, arguing the Master-in-Equity erred by (1)
refusing to relieve him from entry of default and (2) finding that he had no
equitable interest in the property and no equitable right of redemption. We affirm[1]
pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Munsey's first argument: *Williams v. Vanvolkenburg*, 312 S.C. 373, 375,
440 S.E.2d 408, 409 (Ct. App. 1994) ("Whether good cause is established is within
the sound discretion of the [Master-in-Equity].").; *Stark Truss Co., Inc. v. Superior
Const. Corp.*, 360 S.C. 503, 510, 602 S.E.2d 99, 102 (Ct. App. 2004) ("Rule 55(c),
SCRCP, allows the circuit court to set aside an entry of default 'for good cause

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

shown.'" (quoting Rule 55(c), SCRCP)); *Sundown Operating Co., Inc. v. Intedge Industries, Inc.*, 383 S.C. 601, 607-08, 681 S.E.2d 885, 888 (2009) ("This standard requires a party seeking relief from an entry of default under Rule 55(c) to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice. Once a party has put forth a satisfactory explanation for the default, the trial court must also consider: (1) the timing of the motion for relief; (2) whether the defendant has a meritorious defense; and (3) the degree of prejudice to the plaintiff if relief is granted.").

2. As to Munsey's second argument: *Tiger, Inc. v. Fisher Agro, Inc.*, 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1989) ("Our scope of review for a case heard by a Master-in-Equity who enters a final judgment is the same as that for review of a case heard by a circuit court without a jury."); *Fox v. Moultrie*, 379 S.C. 609, 613, 666 S.E.2d 915, 917 (2008) ("In an action in equity, tried with reference to a [M]aster[-in-Equity], this [c]ourt reviews the evidence and determines the facts according to its own view of the preponderance of the evidence, though it is not required to disregard the findings of the master."); *Lewis v. Premium Inv. Corp.*, 351 S.C. 167, 173-174, 568 S.E.2d 361, 364 (2002) ("[C]ourts of equity can relieve a defaulting purchaser from the strict forfeiture provision in an installment land contract and provide the opportunity for redemption when equity so demands."); *Lewis* at 171, 568 S.E.2d at 363 ("Basic contract law provides that when a contract is clear and unambiguous, the language alone determines the contract's force and effect. It is not the function of the court to rewrite contracts for parties." (citation omitted)); *Lewis* at 174, 568 S.E.2d at 364 n.5 (2002) (noting "[a] variety of case-specific factors should be considered to determine if redemption is equitable under the circumstances[,]" including the amount of the purchaser's equity, the length of the default period, the number of defaults, the value of improvements to the property, the adequacy of the property's maintenance, amount of forfeiture, reason for delay in payment, the speed in which equity is sought, the amount of money the purchaser would forfeit compared to the purchase price, and the relationship of the monthly payments to the fair rental value of the property).

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**