**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Neal Truslow, Respondent,

v.

Stephen Bretzinger, Lindsey Holsinger, and Rikard & Protopapas, Defendants,

Of whom Stephen Bretzinger and Lindsey Holsinger are the Appellants.

Appellate Case No. 2017-002469

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2020-UP-325
Heard June 23, 2020 – Filed December 2, 2020

**AFFIRMED**

Alexandre Nicolas MacClenahan, of The MacClenahan Law Firm, LLC, of Greenville, for Appellants.

Desa Ballard and Harvey M. Watson, III, both of Ballard & Watson, Attorneys at Law, of West Columbia, for Respondent.

**PER CURIAM:** Stephen Bretzinger and Lindsey Holsinger (collectively, Appellants) appeal the circuit court's failure to set aside the entry of default and default judgment awarded to Neil Truslow in his action against them for breach of contract. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred by failing to rule on Appellants' motion to set aside the entry of default or alternatively, erred in denying their motion to alter/amend when they showed good cause: *Roberson v. S. Fin. of S.C., Inc.*, 365 S.C. 6, 9, 615 S.E.2d 112, 114 (2005) ("The decision whether to set aside an entry of default . . . lies solely within the sound discretion of the trial [court]."); *Wham v. Shearson Lehman Bros.*, 298 S.C. 462, 465, 381 S.E.2d 499, 501 (Ct. App. 1989) ("An order based on an exercise of that discretion, however, will be set aside if it is controlled by some error of law or lacks evidentiary support."); *Williams v. Vanvolkenburg*, 312 S.C. 373, 375, 440 S.E.2d 408, 409 (Ct. App. 1994) ("A court may set aside an entry of default for good cause shown."); *Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 607-08, 681 S.E.2d 885, 888 (2009) ("This standard requires a party seeking relief from an entry of default under Rule 55(c)[, SCRCP,] to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice. Once a party has put forth a satisfactory explanation for the default, the trial court must also consider: (1) the timing of the motion for relief; (2) whether the defendant has a meritorious defense; and (3) the degree of prejudice to the plaintiff if relief is granted."); *Williams*, 312 S.C. at 375, 440 S.E.2d at 409 ("The issue before this [c]ourt, therefore, is not whether we believe good cause existed to set aside the default, but rather, whether the master's determination is supportable by the evidence and not controlled by an error of law.").

2. As to whether the circuit court erred in denying Appellants' motion to set aside default judgment when they satisfied the requirements of Rule 60(b)(1), SCRCP: *Fassett v. Evans*, 364 S.C. 42, 49, 610 S.E.2d 841, 845 (Ct. App. 2005) ("[T]he power to set aside a default judgment is addressed to the sound discretion of the trial court whose decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion."); *Raby Constr., L.L.P. v. Orr*, 358 S.C. 10, 17, 594 S.E.2d 478, 482 (2004) (stating the decision to deny a Rule 60(b) motion is within the trial court's sound discretion); *Roberson*, 365 S.C. at 9, 615 S.E.2d at 114 ("An abuse of discretion in setting aside a default judgment occurs when the [court] issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support." (quoting *In re Estate of Weeks*, 329 S.C. 251, 259, 495 S.E.2d 454, 459

(Ct. App. 1997))); Rule 55(c), SCRCP ("For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."); Rule 60(b)(1), SCRCP ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . ."); *Sundown Operating Co.*, 383 S.C. at 608, 681 S.E.2d at 888 ("Once a default judgment has been entered, a party seeking to be relieved must do so under Rule 60(b), SCRCP."); *id.* at 607, 681 S.E.2d at 888 ("The standard for granting relief from a default judgment under Rule 60(b) is more rigorous than the 'good cause' standard established in Rule 55(c)."); *ITC Commercial Funding, LLC v. Crerar*, 393 S.C. 487, 494, 713 S.E.2d 335, 339 (Ct. App. 2011) ("[R]elief from default judgment under Rule 60(b), SCRCP, 'requires a more particularized showing of mistake, inadvertence, excusable neglect, surprise, newly discovered evidence, fraud, misrepresentation, or other misconduct of an adverse party.'" (quoting *Sundown Operating Co.*, 383 S.C. at 608, 681 S.E.2d at 888)); *Mictronics, Inc. v. S.C. Dep't of Revenue*, 345 S.C. 506, 510-11, 548 S.E.2d 223, 226 (Ct. App. 2001) ("In determining whether to grant a motion under Rule 60(b), the trial [court] should consider: (1) the promptness with which relief is sought, (2) the reasons for the failure to act promptly, (3) the existence of a meritorious defense, and (4) the prejudice to the other party."); *Sundown Operating Co.*, 383 S.C. at 608, 681 S.E.2d at 888-89 ("The different standards under the two rules underscore the clear intent to make it more difficult for a party to avoid a default once the court has entered a judgment, which carries greater finality, and often occurs later than, a clerk's entry of default."); *Columbia Pools, Inc. v. Galvin*, 288 S.C. 59, 61, 339 S.E.2d 524, 525 (Ct. App. 1986) ("[W]here there is a good faith mistake of fact, and, no attempt to thwart the judicial system, there is basis [to vacate a default judgment].").

3. As to whether the circuit court erred in denying the motion to set aside the default judgment when Truslow failed to conduct the required Rule 55(b)(4), SCRCP, examination under oath before obtaining a default judgment against a defendant served via publication: Rule 55(b)(4), SCRCP ("In actions for the recovery of money only, when the summons has been served by publication and the defendant is a non-resident of the State, no default judgment shall be rendered unless the plaintiff or his agent at or before the time of making the application for judgment shall have been examined on oath respecting any payments that have been made to the plaintiff or any one for his use on account of the demand mentioned in the complaint, and shall show by affidavit that an attachment has been issued in the action and levied upon property belonging to the defendant, which affidavit shall contain a specific description of such property, and a

statement of its value and shall be filed with proof of publication. Before judgment is rendered the plaintiff shall, unless the court in its discretion dispenses with the same, cause to be filed an undertaking in such amount as shall be ordered by the court with security to be approved by the court or the clerk thereof, that the plaintiff will abide the order of the court touching the restitution of any estate or effects which may be directed by such judgment to be transferred or delivered, or the restitution of any money that may be collected under, or by virtue of, such judgment, in event the defendant or his representative shall apply and be admitted to defend the action and shall succeed in such defense."); *Ex parte Wilson*, 367 S.C. 7, 15, 625 S.E.2d 205, 209 (2005) ("In interpreting the meaning of the South Carolina Rules of Civil Procedure, the [c]ourt applies the same rules of construction used to interpret statutes. If a rule's language is plain, unambiguous, and conveys a clear meaning, interpretation is unnecessary and the stated meaning should be enforced." (citation omitted)); *Eagle Container Co. v. County of Newberry*, 379 S.C. 564, 570, 666 S.E.2d 892, 896 (2008) ("The language must also be read in a sense [that] harmonizes with its subject matter and accords with its general purpose." (quoting *Hitachi Data Sys. Corp. v. Leatherman*, 309 S.C. 174, 178, 420 S.E.2d 843, 846 (1992))); *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 342, 713 S.E.2d 278, 283 (2011) ("[A] court should not focus on any single section or provision but should consider the language of the statute as a whole." (quoting *Mid-State Auto Auction of Lexington, Inc. v. Altman*, 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996))); *CFRE, LLC v. Greenville Cty. Assessor*, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011) ("[T]he statute must be read as a whole and sections [that] are part of the same general statutory law must be construed together and each one given effect." (quoting *S.C. State Ports Auth. v. Jasper County*, 368 S.C. 388, 398, 629 S.E.2d 624, 629 (2006))); *Ex parte Wilson*, 367 S.C. at 15, 625 S.E.2d at 209 ("The Rules of Civil Procedure 'shall be construed to secure the just, speedy, and inexpensive determination of every action.'" (quoting Rule 1, SCRCP)).

4. As to whether Appellants were not properly served via publication when South Carolina requires strict compliance with publication statutes because the order did not require Truslow to mail a copy of the summons and complaint to Appellants' last known address and Truslow failed to do so: *McClurg v. Deaton*, 380 S.C. 563, 579-80, 671 S.E.2d 87, 96 (Ct. App. 2008) (finding an argument unpreserved when an appellant first raised the argument in his motion to reconsider, noting the appellant "clearly could have raised the matter in his motion to set aside the default judgment but failed to do so"); *aff'd*, 395 S.C. 85, 716 S.E.2d 887 (2011); *Kiawah Prop. Owners Grp. v. Pub. Serv. Comm'n*, 359 S.C. 105, 113, 597 S.E.2d 145, 149 (2004) ("[A] party may not raise an issue in a motion to reconsider, alter[,] or

amend a judgment that could have been presented prior to the judgment.").

**AFFIRMED.**

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**