**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Karolee Russell, Individually, and as Personal Representative of the Estate of Kevin Brian Russell, Respondent,

v.

B & R Contracting, LLC, Brian K. Bass, and Richard A. Robertson, Defendants,

Of Whom Richard A. Robertson is the Appellant.

Appellate Case No. 2019-000819

———————

Appeal From Spartanburg County
Gordon G. Cooper, Master-in-Equity

———————

Unpublished Opinion No. 2022-UP-204
Submitted March 1, 2022 – Filed May 18, 2022

———————

**AFFIRMED**

———————

Charles Daniel Atkinson and William Spencer Barrow, both of Wilkes Atkinson & Joyner, LLC, of Spartanburg, for Appellant.

Paul Andrew McKee, III, of Hanover Title Agency, Inc., of Spartanburg, for Respondent.

———————

**PER CURIAM:** Richard A. Robertson appeals the master-in-equity's orders entering default judgment and denying his request to set aside the entry of default. On appeal, Robertson argues the master abused its discretion in: (1) conducting a damages hearing prior to the filing of the requisite motion and without evidence of sufficient notice, (2) entering default judgment against him when the order lacked the required factual or evidentiary support for the causes of action in the complaint, (3) entering default judgment against him when there was no cause of action seeking to pierce the corporate veil, and (4) denying his motion to set aside the entry of default. We affirm pursuant to Rule 220(b), SCACR.

1. We hold Robertson's arguments that the master erred in conducting a damages hearing prior to the filing of a motion for default judgment and when Russell failed to notify him that a damages hearing was to occur are not preserved for appellate review because these issues were not raised to and ruled upon by the master. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court.").

2. We hold Robertson's argument that the master erred in entering default judgment against him when it lacked the required factual or evidentiary support for the causes of action in the complaint is not preserved for appellate review because the master did not rule on this issue and Robertson failed to file a Rule 59(e), SCRCP, motion requesting a ruling. *See Doe*, 370 S.C. at 212, 634 S.E.2d at 54 ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party *must* file a [Rule 59(e) motion] when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").

3. We hold Robertson's argument that the master erred in entering default judgment against him when there was no cause of action seeking to pierce the corporate veil is not preserved for appellate review because the master did not rule on this issue and Robertson failed to file a Rule 59(e) motion requesting a ruling. *See Doe*, 370 S.C. at 212, 634 S.E.2d at 54 ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court."); *Elam*, 361 S.C. at 24, 602 S.E.2d at 780 ("A party *must* file a [Rule 59(e) motion] when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").

4. We hold the master did not err in refusing to set aside the entry of default because Robertson did not provide a sufficient explanation for why he did not answer the complaint. *See* Rule 55(c), SCRCP (permitting the court to set aside the entry of default for "good cause shown"); *Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 607, 681 S.E.2d 885, 888 (2009) (stating good cause "requires a party seeking relief from an entry of default under Rule 55(c) to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice"); *Regions Bank v. Owens*, 402 S.C. 642, 648-49, 741 S.E.2d 51, 54-55 (Ct. App. 2013) (finding evidence supported the master's finding that Owens failed to show good cause for failing to answer the complaint because although he asserted another defendant told him he had hired an attorney and would take care of it, the other defendant disputed this claim and Owens failed to present any evidence showing "he took any steps to protect himself by contacting either [the other defendant] or [the other defendant's] attorney to confirm an answer would be filed on his behalf"). We also hold the master did not err in failing to consider the factors enunciated in *Wham v. Shearson Lehman Bros., Inc.*, 298 S.C. 462, 466, 381 S.E.2d 499, 502 (Ct. App. 1989). *See Sundown Operating Co.*, 383 S.C. at 607-08, 681 S.E.2d at 888 ("Once a party has put forth a satisfactory explanation for the default, the trial court must also consider [the *Wham* factors, which include:] (1) the timing of the motion for relief; (2) whether the defendant has a meritorious defense; and (3) the degree of prejudice to the plaintiff if relief is granted."); *Campbell v. City of N. Charleston*, 431 S.C. 454, 462 n.5, 848 S.E.2d 788, 793 n.5 (Ct. App. 2020) (concluding the court did not need to address the *Wham* factors because the City failed to put forth a satisfactory explanation for its default); *Regions Bank*, 402 S.C. at 649, 741 S.E.2d at 55 (finding an appellate court did not need to consider the *Wham* factors when evidence supported the master's finding that the party did not show good cause for failing to answer the complaint).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.