**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William F. Nickles, IV, Respondent,

v.

Howar Equipment, Inc., Sonoco Products Company, Palmetto State Transportation, LLC, KSC Logistics, Inc., and John Doe Corporation, Defendants,

of which KSC Logistics, Inc. is the Appellant.

Appellate Case No. 2024-001444

———————

Appeal From Abbeville County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-129
Submitted February 3, 2026 – Filed March 18, 2026

———————

**AFFIRMED**

———————

Charles Daniel Atkinson, of Wilkes Atkinson & Joyner, LLC, of Spartanburg, for Appellant.

Thomas Erskine Hite, III, of Hite Law Firm, of Abbeville, and Clarence Rauch Wise, of Greenwood, both for Respondent.

———————

**PER CURIAM:** This appeal arises from the trial court's denial of KSC Logistics, Inc.'s (KSC) motion to set aside entry of default following KSC's failure to respond to William F. Nickles, IV's (Respondent) amended complaint. On appeal, KSC argues the trial court abused its discretion by (1) not granting the motion to set aside the entry of default pursuant to Rule 55(c) of the South Carolina Rules of Civil Procedure (SCRCP); (2) failing to grant relief pursuant to Rule 60(b)(3), SCRCP; and (3) failing to grant a new trial based on newly-discovered evidence pursuant to Rule 60(b)(2), SCRCP. We affirm.

1.     KSC argues the trial court abused its discretion by not granting the motion to set aside the entry of default, pursuant to Rule 55(c). We disagree. Rule 55(a) provides that when a party fails to respond to a complaint, the clerk shall record an entry of default. However, Rule 55(c) permits a party to move to set aside the entry of default. The standard for granting relief from an entry of default under Rule 55(c) is mere "good cause." Rule 55(c), SCRCP. Once a party has put forth a satisfactory explanation for the default, the trial court must also consider: (1) the timing of the motion for relief; (2) whether the defendant has a meritorious defense; and (3) the degree of prejudice to the plaintiff if relief is granted. *Wham v. Shearson Lehman Bros., Inc.*, 298 S.C. 462, 465, 381 S.E.2d 499, 501–02 (Ct. App. 1989). The trial court need not make specific findings of fact for each factor if there is sufficient evidentiary support on the record for the finding of the lack of good cause. *Dixon v. Besco Eng'g, Inc.*, 320 S.C. 174, 179, 463 S.E.2d 636, 639 (Ct. App. 1995). We find KSC failed to demonstrate good cause for the default. *See Dixon*, 320 S.C. at 178, 463 S.E.2d at 638 (holding a defendant failed to establish good cause for relief from an entry of default when he mistakenly believed the plaintiff's counsel had given him an unlimited extension of time to respond to the complaint). We hold the trial court did not abuse its discretion, and the finding that KSC failed to demonstrate good cause for the default was supported by the evidence. *See Williams v. Vanvolkenburg*, 312 S.C. 373, 375, 440 S.E.2d 408, 409 (Ct. App. 1994) (holding a motion under Rule 55(c) is addressed to the sound discretion of the trial court; therefore, "[t]he issue before this Court . . . is not whether we believe good cause existed to set aside the default, but rather, whether the [trial court's] determination is supportable by the evidence and not controlled by an error of law").

2.     KSC argues the trial court abused its discretion by failing to consider Respondent's failure to disclose the existence of material deposition testimony to the court, which "tended to exonerate [KSC] from liability" pursuant to Rule 60(b)(3). KSC argues Respondent's claim that the deposition testimony of other Prysmian employees "contradicted [KSC's] lack of involvement" was an

incomplete characterization of the testimony and constituted a misrepresentation.[1] We disagree.  Under Rule 60(b)(3), a trial court may relieve a party or his legal representative from a final judgment, order, or proceeding for fraud, misrepresentation, or other misconduct of an adverse party.  *See* Rule 60(b)(3), SCRCP.  We hold KSC did not meet its burden to show Respondent's alleged misconduct rose to the level warranting relief.  *See Gainey*, 382 S.C. at 427, 675 S.E.2d at 799 (holding "[w]hen a party asserts grounds for relief because of fraud, misrepresentation, or other misconduct of an adverse party under Rule 60(b)(3), SCRCP, the movant must prove her entitlement by clear and convincing evidence").  The testimony established that Prysmian employees had no knowledge of whether the subject reels were ever in the possession of KSC, or whether KSC ever repaired or handled the reels.  Further, we hold Respondent's counsel did not misrepresent any facts to the court based upon these depositions.  The deposition testimony established there was a major question as to which manufacturer, if any, repaired the type of reel that injured Respondent.  Further, these depositions were referenced in Respondent's filings prior to the hearing on the motion to set aside the entry of default and the motion to reconsider, as noted by the trial court.  We hold the trial court considered the deposition testimony of Prysmian employees and properly determined that it was not sufficient to warrant relief from judgment.  Not only did KSC fail to show it was entitled to relief based upon misrepresentation, it also failed to present a meritorious defense based upon the equivocal deposition testimony.  *See McClurg v. Deaton*, 380 S.C. 563, 574, 671 S.E.2d 87, 93 (Ct. App. 2008), *aff'd*, 395 S.C. 85, 716 S.E.2d 887 (2011) ("[I]n order to obtain relief from a default judgment under Rule 60(b)(1) or 60(b)(3), not only must the movant make a proper showing he is entitled to relief based upon one of the specified grounds, he must also make a prima facie showing of a meritorious defense.").  We find no abuse of discretion.

---

[1] In its brief, KSC stated it did not argue fraud and at the hearing on the motion to reconsider, when discussing the deposition testimony, KSC's counsel stated, "I want to be clear . . . I am not accusing [Respondent's counsel] of doing anything wrong, I am not accusing him of malfeasance[,] and I want to be clear on the record."  We find neither fraud nor misrepresentation warranting relief.  *See Gainey v. Gainey*, 382 S.C. 414, 426, 675 S.E.2d 792, 798 (Ct. App. 2009) (holding "if Husband did . . . misrepresent his financial condition, his actions would constitute intrinsic fraud because the deception was the type that would have misled the court in determining the issues, and his fraud could have been discovered during the action itself.  Such fraud is not a ground for Rule 60(b)(3) relief.").

3.     KSC argues the trial court abused its discretion when it found an email correspondence that was in KSC's possession was also within KSC's knowledge without making a finding that KSC had actual knowledge of the evidence or that KSC failed to exercise due diligence to discover the existence of such evidence prior to the hearing on the motion to set aside entry of default.  We disagree.  A trial court may relieve a party from a final judgment, order, or proceeding if "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)" is presented to the trial court.  Rule 60(b)(2), SCRCP.  The movant "must establish that the newly discovered evidence: (1) will probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before the trial; (4) is material to the issue; and (5) is not merely cumulative or impeaching." *Lanier v. Lanier*, 364 S.C. 211, 217, 612 S.E.2d 456, 459 (Ct. App. 2005).  Evidence is not "newly discovered" if it is known to the party at trial and in the party's possession. *Id.* at 218, 612 S.E.2d at 459.  We hold the email correspondence failed to satisfy factor three because the information was in KSC's possession prior to the hearing on the motion to set aside default, and the failure to locate the email prior to the hearing did not amount to a finding that it was not known to KSC.  KSC's president conceded two KSC employees were part of the correspondence and failed to acknowledge that although he may not have personally known about the email correspondence, it was known to KSC as a whole. *See Lanier*, 364 S.C. at 220, 612 S.E.2d at 460 (quoting 12 *Moore's Federal Practice* § 60.42[5] (Matthew Bender 3rd ed.) (holding "[d]iligence looks not to what the litigant actually discovered, but what he or she *could* have discovered")).  We hold there was sufficient evidence to support the trial court's finding that the email correspondence was both possessed and known to KSC prior to the hearing.  We affirm.[2]

---

[2] The trial court's order states, "The *Lanier* court expounded upon factor 3, holding 'evidence is not newly discovered evidence for the purposes of Rule 60(b)(2) where the evidence was (1) known to the party at the time of trial, and (2) in the party's possession.' . . .  If either or both of these factors are found in the affirmative, then the party's attempt to find the evidence 'newly discovered' fails."  We acknowledge the language in *Lanier* does not use "or" language but rather it requires both elements to be satisfied.  Although this statement was error, the court continued and found there was no question that the email chain was in KSC's possession, and there was "at least" constructive knowledge of the correspondence.  Accordingly, the court made both a possession and knowledge finding here.

**AFFIRMED.**[3]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.